**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **MARITIME ASSET MANAGEMENT, LLC,**<br><br>      **Plaintiff,**<br><br>      vs.<br><br>**NEUROGESX, INC., ANTHONY A. DITONNO, STEPHEN F. GHIGLIERI, AND JEFFREY TOBIAS, M.D.,**<br><br>      **Defendants.** | **Case No.: 12-CV-5034 YGR**<br><br>**NOTICE OF TENTATIVE RULING ON MOTIONS TO DISMISS** |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD,** PLEASE TAKE NOTICE OF THE FOLLOWING TENTATIVE RULING ON THE MOTION OF DEFENDANT JEFFREY TOBIAS, M.D. ("TOBIAS") AND THE MOTION OF DEFENDANTS NEUROGESX, INC. ("THE COMPANY"), ANTHONY A. DITONNO ("DITONNO"), AND STEPHEN F. GHIGLIERI ("GHIGLIERI") TO DISMISS COMPLAINT, set for hearing on **April 9, 2013**, at 2:00 p.m.:

The Court has reviewed the parties' papers and is inclined to deny in part and grant in part the motions to dismiss, as set forth below. This is a *tentative* ruling and the parties still have an opportunity to present oral argument. Alternatively, if the parties **JOINTLY** stipulate in writing to entry of the tentative ruling, the hearing shall be taken off calendar, and the tentative ruling will become the order of the Court.

**TENTATIVE RULING**

On the Motion of Defendant Jeffrey Tobias, M.D. (Dkt. No. 36) and Motion of Defendants NeurogesX, Inc., Anthony A. DiTonno, and Stephen F. Ghiglieri (Dkt. No. 33), the Court is inclined to rule as follows:

**A.    Section 10(b) Claim**

On the Section 10(b) claim, Plaintiff has alleged facts sufficient to state a Section 10(b) violation against Defendant Tobias for his statements in the due diligence call. The allegations give rise to an inference that he made the statement regarding his plans for continued employment knowing that they were false, and that he made them with the intent to deceive the investors, given the other facts alleged regarding the timing and the recruitment process by Jazz. The Motion to Dismiss the Section 10(b) claim as to Tobias is therefore **DENIED**.

The allegations are sufficient to allege a Section 10(b) violation by the Company based upon the alleged knowledge and scienter of Tobias, an officer of the Company at the time. Defendants cite cases finding that when officers or agents engaging in fraudulent conduct are acting adverse to the interests of the corporation, their conduct will not be imputed to the company. *In re ChinaCast Educ. Corp. Sec. Litig.*, CV 12-4621-JFW PLAX, 2012 WL 6136746 (C.D. Cal. Dec. 7, 2012); *In re Cendant Corp. Sec. Litig.,* 109 F.Supp.2d 225, 232 (D.N.J.2000). However, the Ninth Circuit has held that a company can be liable for securities fraud based upon the conduct of an officer or other agent under the doctrine of *respondeat superior. Hollinger v. Titan Capital Corp.*, 914 F.2d 1564, 1577 (9th Cir. 1990); *see also In re McKesson HBOC, Inc. Sec. Litig.*, 126 F. Supp. 2d 1248, 1277 (N.D. Cal. 2000) (company's Section 10(b) violation based on fraudulent conduct of officer); *In re Dynegy, Inc. Sec. Litig.*, 339 F. Supp. 2d 804, 911 (S.D. Tex. 2004) (same) (citing *Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 380 (5th Cir. 2004) and *Paul F. Newton & Co. v. Texas Commerce Bank,* 630 F.2d 1111, 1118 (5th Cir.1980)).

The Court is not persuaded that the Company cannot be liable for the fraudulent conduct alleged here such that the claim should be dismissed as a matter of law. Indeed, even accepting Defendants' argument that an individual's actions adverse to the company cannot be imputed to the

company, it is not clear from the allegations of the complaint that Tobias' misstatements were not made to benefit the company itself rather than for any personal interests adverse to the company. Unlike *ChinaCast*, where plaintiff sought to impute to the company itself the conduct of officers who were stealing money from the company's till, here the misrepresentations are alleged to have aided the Company in obtaining a private placement deal, which in turn led to an important extension of credit to the company, at a crucial time. Accordingly, the motion as to the Section 10(b) claim against the Company is therefore **DENIED**.

With respect to the other individual defendants, however, the allegations do not sufficiently identify false statements made by them, or their knowledge of the falsity of statements made by others such that the allegations of Tobias's knowledge and scienter can be imputed to them. Thus, the Motion to Dismiss the Section 10(b) claims as to DiTonno and Ghiglieri is **GRANTED**, but without prejudice to Plaintiffs bringing a motion for leave to amend if, after additional discovery is conducted, there are facts to support knowledge of falsity and intent to deceive on the part of these other defendants.

**B.     Section 20(a) Claim**

On the 20(a) violation, the motion of DiTonno and Ghiglieri is **DENIED**. The underlying Section 10(b) violation is sufficiently pleaded to establish "controlling person" liability against DiTonno and Ghiglieri. However, the motion to dismiss Tobias is **GRANTED**. Plaintiffs have not presented authority that would permit a claim for 20(a) controlling person liability arising from that same person's own acts.

**C.     Securities Litigation Uniform Standards Act ("SLUSA")
         Preemption of State Law Claims**

Under the SLUSA, "[n]o covered class action based upon the statutory or common law of any State … may be maintained in any State or Federal court by any private party alleging . . . a misrepresentation or omission of a material fact in connection with the purchase or sale of a covered security." 15 U.S.C. § 78bb(f)(1). The private placement class here is alleged to be limited to 21 members. (FAC ¶ 59.) The Supreme Court has interpreted the definition of "covered class claims" under § 78bb(f)(5) to state that "[a] 'covered class action' is a lawsuit in which damages are sought

3

on behalf of more than 50 people." *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit*, 547 U.S. 71, 83 (2006). Defendants argue that this interpretation of the language is contrary to its plain meaning. The Court understands the literal argument proffered, but is not convinced that such a reading is consistent with a proper interpretation of the section. Nor have Defendants cited to any case law supporting their interpretation. The motion to dismiss on these grounds is **DENIED**.

D.   **Sufficiency of Pleading of State Law Claims**

Generally, and as stated above, the allegations as to Tobias and as to the Company are pleaded with sufficient particularity. As to DiTonno and Ghiglieri, the allegations are sufficient under FRCP 9(b), which does not require that scienter be pleaded with particularity. The motions are therefore **DENIED** on these grounds.

However, with respect to the Sixth Claim, both New York and California law recognize that there cannot be aiding and abetting liability as between the corporation and its employees since the corporation can only act through its employees and one cannot "aid and abet" oneself. *Bereswill v. Yablon,* 6 N.Y.2d 301, 30-5-06 (1959); *Janken v. G.H. Hughes*, 46 Cal.App.4th 55 (1996). Thus, the Sixth Claim must be **DISMISSED** as to all defendants without leave to amend.

## EFFECT OF TENTATIVE RULING

No later than **5:00 p.m.** on **Monday, April 8, 2013**, the parties shall:

1. JOINTLY stipulate in writing to entry of this tentative ruling. If the parties so stipulate, then the hearing shall be taken off calendar, and the tentative ruling shall become the order of the Court; OR

2. JOINTLY file a statement identifying the portion or portions of the tentative ruling on which they wish to be heard, and the hearing shall proceed as scheduled.

**IT IS SO ORDERED.**

Date: April 5, 2013

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**