UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MARITIME ASSET MANAGEMENT, LLC, on Behalf of Itself and All Others Similarly Situated,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>NEUROGESX, INC., ANTHONY A. DITONNO, STEPHEN F. GHIGLIERI, and JEFFREY K. TOBIAS, M.D.,<br><br>　　　　　　　　Defendants. | Case No. CV 12-05034-YGR<br><br>**CLASS ACTION**<br><br>**ORDER CERTIFYING SETTLEMENT CLASS, APPROVING CLASS NOTICE, AND SETTING SETTLEMENT HEARING**<br><br>**EXHIBIT A** |

[PROPOSED] ORDER RE PRELIMINARY APPROVAL OF SETTLEMENT
Case No. CV 12-05034-YGR

      The Court has received the Stipulation of Settlement dated _____, 2014 (the "Stipulation" or "Settlement") that has been entered into by Lead Plaintiff and Defendants. The Court has reviewed the Settlement and its attached exhibits, and, good cause appearing,

      IT IS HEREBY ORDERED AS FOLLOWS:

      1.    The Court, for purposes of this order, adopts the definitions set forth in paragraphs 1.1 through 1.39 of the Settlement.

      2.    The Court hereby certifies the Settlement Class consisting of all Persons who purchased or otherwise acquired NeurogesX Securities pursuant to the July 21, 2011 Private Placement. Excluded from the Settlement Class are Defendants, the officers and directors of NeurogesX, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which any defendant has a controlling interest. Also excluded from the Settlement Class are any Persons who exclude themselves by submitting a valid request for exclusion in accordance with the requirements set forth in the Notice. The Court certifies Lead Plaintiff as the class representative for the Settlement Class and appoints Levi & Korsinsky LLP as Lead Counsel to the Settlement Class. The certification of the Settlement Class, and appointments of the class representative and Lead Counsel, shall be binding only with respect to the Settlement. If, for any reason, the Settlement is terminated, or the Effective Date does not occur, the certification of the Settlement Class shall automatically be vacated, and the Action shall proceed as though the Settlement Class had never been certified.

      3.    The Court preliminarily approves the Settlement as falling within the range of possible approval and meriting submission to the Settlement Class for consideration, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure.

      4.    The Court approves for distribution to potential members of the Settlement Class the Notice substantially in the form of Exhibit A-1 to this order, and the Claim Form substantially in the form of Exhibit A-2 to this order.

      5.    Lead Counsel shall distribute, by registered first class mail, the Notice and Claim Form to all persons who purchased NeurogesX Securities pursuant to the July 21, 2011 Private Placement. The deadline for mailing of the Notice shall be _____, 2014. Lead Counsel shall

[PROPOSED] ORDER RE PRELIMINARY APPROVAL OF SETTLEMENT  
Case No. CV 12-05034-YGR          1

file with the Court and serve upon Counsel for Defendants no later than 28 calendar days prior to the Final Approval Hearing an affidavit or declaration stating that the mailings have been completed in accordance with the terms of this order.

6. The Court finds that dissemination of the Notice and Claim Form in the manner required in paragraph 5 constitutes the best notice practicable under the circumstances to potential members of the Settlement Class, and complies fully with Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934 (as amended by the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(a)(7)), and the United States Constitution.

7. The Final Approval Hearing will be held on _____, 2014, at _:__ _.m., in the United States District Court for the Northern District of California, Oakland Division, 1301 Clay Street, Courtroom 1, 4th Floor, Oakland, California, at which the Court will determine: (1) whether the Settlement should be approved as fair, reasonable, and adequate; (2) whether the Judgment, substantially in the form attached as Exhibit B to the Settlement, should be entered; (3) whether Lead Counsel's Plan of Allocation is fair, reasonable, and adequate; and (4) whether the application of Lead Counsel for attorneys' fees and Litigation Expenses should be approved. The Court may adjourn or continue the Final Approval Hearing without further notice to the Settlement Class.

8. Any Settlement Class Member who objects to the Settlement, the Plan of Allocation, or application of Lead Counsel for attorneys' fees and Litigation Expenses, shall have a right to appear and be heard at the Final Approval Hearing. Any such person must file with the Court and deliver to Lead Counsel and Defendants' Counsel a written notice of objection no later than _____, 2014. The manner by which a notice of objection should be prepared, filed, and delivered shall be stated in the Notice. Only Settlement Class Members who have filed and delivered valid and timely written notices of objection will be entitled to be heard at the Final Approval Hearing, unless the Court otherwise orders.

9. Any Settlement Class Member who wishes to participate in the Settlement Fund must submit a valid and timely Claim Form to Lead Counsel. To be valid, a Claim Form must

include the information requested by the Claim Form. To be timely, the Claim From must be submitted no later than _____, 2014. All Settlement Class Members who submit valid and timely Claim Forms shall share in the distribution of the Settlement Fund. Settlement Class Members who do not submit valid and timely Claim Forms shall be forever barred from receiving any payments from the Settlement Fund, but will in all other respects be subject to and bound by the provisions of the Settlement and Judgment, including the releases provided for in the Settlement and Judgment.

10. Any person falling within the definition of the Settlement Class may, upon request, be excluded from the Settlement. Any such person must file with the Court and submit to Lead Counsel a request for exclusion no later than _____, 2014. A request for exclusion must state: (1) the name, address, and telephone number of the person requesting exclusion; and (2) that the person wishes to be excluded from the Settlement Class. All persons who submit valid and timely requests for exclusion in the manner set forth in this paragraph shall have no rights under the Settlement, shall not share in the distribution of the Settlement Fund, and shall not be bound by the Settlement or the Judgment. All persons falling within the definition of Settlement Class who do not request exclusion in the manner set forth in this paragraph shall be Settlement Class Members and shall be bound by the Settlement and Judgment. Lead Counsel shall provide copies of any and all requests for exclusion to Counsel for Defendants within five (5) calendar days of receipt by Lead Counsel, and in no event later than fourteen (14) calendar days before the Final Approval Hearing.

11. Lead Counsel shall administer the Settlement Fund in accordance with paragraphs 6.1 through 6.5 of the Settlement. Under no circumstances shall Lead Counsel disburse any portion of the Settlement Fund prior to the Effective Date without an order of the Court, except as permitted by paragraph 6.5 of the Settlement.

12. Lead Counsel shall submit any applications it wishes to make for attorneys' fees and Litigation Expenses on or before _____, 2014.

13. The Plan of Allocation and Lead Counsel's application for attorneys' fees and Litigation Expenses will be considered separately from the fairness, reasonableness, and

adequacy of the Settlement. Any appeal from any orders relating solely to the Plan of Allocation and/or to Lead Counsel's application for attorneys' fees and Litigation Expenses, or any reversal or modification thereof, shall not operate to terminate or cancel the Settlement, or affect or delay the finality of the Judgment.

14. All briefs supporting or opposing the Settlement shall be served and filed in accordance with the briefing schedule set forth in the Court's local rules.

15. All discovery and other proceedings in the Action are stayed until further order of the Court, except as may be necessary to implement the Settlement or comply with its terms. The class representative and the Settlement Class Members are barred from commencing or prosecuting any direct or representative action asserting any of the Released Claims, unless and until the Settlement is terminated according to its terms.

16. The Court may, for good cause, extend any of the deadlines set forth in this order without further notice to the Settlement Class.

IT IS SO ORDERED.

DATED: _____

_____
THE HONORABLE YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MARITIME ASSET MANAGEMENT, LLC, on Behalf of Itself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>NEUROGESX, INC., ANTHONY A. DITONNO, STEPHEN F. GHIGLIERI, and JEFFREY K. TOBIAS, M.D.,<br><br>Defendants. | Case No. CV 12-05034-YGR<br><br>**CLASS ACTION**<br><br>**NOTICE OF SETTLEMENT**<br><br>**EXHIBIT A-1** |

_____, 2014

*By Registered U.S. Mail*

(Addressees)

    Re: <u>*Maritime Asset Management, LLC v. NeurogesX, Inc. et al.*</u>

Dear Shareholder:

  I write to provide notice of the proposed settlement of a class action involving NeurogesX and alleged misrepresentations made in relation to the private placement of NeurogesX securities that occurred on July 21, 2011. As a member of the proposed settlement class of shareholders, you may recover money as part of the settlement. We estimate that, if you and all other eligible class members choose to participate in the settlement, your recovery will be approximately $_____ (as explained in more detail below). If you choose to participate in the settlement, you will be required to waive and release all rights and claims against NeurogesX and related parties arising from your investment in NeurogesX securities. To participate in the settlement you must submit a completed claim form.

  A copy of the settlement agreement is enclosed for your review, along with the proposed form of judgment and the court's order preliminarily approving the settlement. Also enclosed is a claim form, which you must submit no later than _____, 2014, if you wish to be eligible to receive a payment in the settlement.

## The Proposed Settlement

  Members of the settlement class will share a settlement fund of $1,250,000. The settlement fund will be reduced by certain attorneys' fees and litigation expenses payable to class counsel. The net settlement fund will be distributed to class members who submit valid claim forms on a pro rata basis based on the ratio of the purchase price paid by each participating class member to the total purchase price paid by all participating class members.

  **Request for Attorneys' Fees and Litigation Expenses:** Lead counsel will apply to the court for an award of attorneys' fees in the amount of $312,500. In addition, lead counsel will apply to the court for reimbursement of certain litigation expenses in an amount not to exceed $_____. These amounts, if approved by the court, will be deducted from the $1,250,000 settlement payment. If the above amounts are approved by the Court, the average cost per NeurogesX unit (consisting of one share of NeurogesX stock and one half of one warrant) will be ___ cents.

**Your Estimated Recovery:** Class counsel estimates that, if you and all other eligible shareholders choose to participate in the settlement, your net recovery will be approximately $_____ ($1,250,000 minus estimated attorneys' fees of $312,500 and expenses of $\_\_\_\_ yields a net settlement fund of $\_\_\_\_\_, multiplied by the purchase price you paid to acquire NeurogesX securities in the private placement ($_____), divided by the total purchase price paid by all participating class members ($19,986,033.64)). This represents approximately \_\_\_ percent of the purchase price you paid for your shares or approximately \_\_\_ cents per unit (consisting of one share of NeurogesX stock and one half of one warrant). However, your actual recovery could be higher (if, for example, fewer than all eligible class members submit valid claim forms) or lower (if, for example, litigation expenses actually awarded exceed current estimates).

**Release of Claims Against NeurogesX and the Individual Defendants:** In order to participate in the settlement, you will be required to stipulate to a judgment of dismissal of all claims with prejudice. You will also be required to release all claims belonging to you (and persons related to or affiliated with you) against NeurogesX, the individual defendants, and their respective related persons and entities, that were asserted or could have been asserted in the action or that relate in any way to your purchase of NeurogesX securities.

### Background of the Action and the Proposed Settlement

The action arises from a private placement of NeurogesX securities completed on July 21, 2011. Lead class representative Maritime Asset Management, LLC was one of the investors in the private placement. Maritime was appointed as lead class representative by court order entered on September 13, 2012.

The action names as defendants NeurogesX and three of its former executives – Anthony A. DiTonno, Stephen F. Ghiglieri, and Jeffrey K. Tobias, M.D. The complaint asserts claims against NeurogesX and Dr. Tobias under section 10(b) of the Securities Exchange Act and Rule 10b-5, and against the individual defendants under section 20(a) of the Exchange Act.

The complaint also asserts two individual claims on behalf of Maritime only. These claims are for breach of contract against NeurogesX and fraud in the inducement against Dr. Tobias. These claims arise out of alleged conversations directly between Maritime and Dr. Tobias. Other members of the class did not participate in those alleged conversations. These claims are the subject of a separate settlement between Maritime, NeurogesX, and Dr. Tobias, as explained below.

Defendants have moved to dismiss all the claims asserted in the action and Maritime opposed that motion. Prior to oral argument on Defendants' motions to dismiss, the parties participated in a mediation with an experienced mediator, the Honorable Edward I. Infante of JAMS.

With the assistance of the mediator, the parties reached an agreement-in-principle concerning this proposed settlement after arm's-length negotiations. The mediator determined that the proposed settlement is a fair and reasonable compromise that is in the best interests of all investors in the private placement and all parties in the action.

The principal reason for Maritime's agreement to the settlement is to provide a benefit to the settlement class. This benefit must be compared to the risk that no recovery might be achieved after contested motions, a contested trial, and likely appeals, possibly years into the future. While Maritime believes that the claims would survive a motion to dismiss and a motion for summary judgment and ultimately result in a verdict for the class, Defendants believe otherwise and have repeatedly denied the allegations in the litigation and asserted that they engaged in no wrongdoing whatsoever and have complete defenses to the allegations. Defendants also maintain that any damages recoverable by the class at trial would be no more than $3 million or 25.9 cents per NeurogesX unit. Maritime and its counsel recognize the risk of proceeding to a jury trial on claims that are complex and likely to involve expert testimony presenting competing views. Thus, Maritime recognizes that a jury could find completely in Defendants' favor or, even if Maritime was successful, the jury could award damages that are less than the size of the settlement payment. The settlement therefore enables the class to recover a substantial amount without incurring any additional risk or costs.

### The Proposed Settlement Class

The Court has preliminarily certified a settlement class of all persons and entities that purchased or otherwise acquired NeurogesX common stock and/or warrants to purchase NeurogesX's common stock in the private placement completed on July 21, 2011. The settlement class does not include the individual defendants, the officers and directors of NeurogesX, members of their immediate families, or any entity in which a defendant has a controlling interest.

### Separate Settlement of Maritime's Individual Claims

Maritime's complaint asserted two individual claims on behalf of Maritime only. These claims are for breach of contract against NeurogesX and fraud in the inducement against Dr. Tobias. These claims arise out of alleged telephone conversations directly between Maritime and Dr. Tobias.

Maritime has entered into a separate settlement with NeurogesX and the individual defendants with regard to these claims. The settlement provides for a payment of $250,000 to Maritime in return for a full general release that is broader than the release required from class members who participate in the class settlement. Under the individual settlement, Maritime (and persons related to or affiliated with it) will generally release NeurogesX, the individual defendants, and their respective related persons and entities, from every claim, including unknown claims, of every type and with respect to any subject arising on or before the date of the settlement.

UNLESS YOU SUBMIT A VALID REQUEST FOR EXCLUSION FROM THE CLASS SETTLEMENT, YOU WILL BE BOUND BY THE JUDGMENT OF DISMISSAL WITH PREJUDICE OF ALL CLAIMS BELONGING TO YOU (AND PERSONS RELATED TO OR AFFILIATED WITH YOU) AGAINST NEUROGESX, THE INDIVIDUAL DEFENDANTS, AND THEIR RESPECTIVE RELATED PERSONS AND ENTITIES, ARISING OUT OF YOUR PURCHASE OF NEUROGESX SECURITIES. THIS INCLUDES ALL INDIVIDUAL CLAIMS SIMILAR TO THOSE ASSERTED (AND BEING SETTLED) BY MARITIME

INDIVIDUALLY. YOU WILL NOT HAVE ANY ABILITY TO ASSERT ANY INDIVIDUAL CLAIMS AGAINST NEUROGESX, THE INDIVIDUAL DEFENDANTS, OR THEIR RESPECTIVE RELATED PARTIES ARISING FROM YOUR INVESTMENT IN NEUROGESX SECURITIES IF YOU PARTICIPATE IN THE CLASS SETTLEMENT.

### Court Hearing on Approval of the Settlement

A hearing will be held on _____, at __:__ _.m., before the Honorable Yvonne Gonzalez Rogers, at the United States District Court for the Northern District of California, Oakland Division, 1301 Clay Street, Courtroom 1, 4th Floor, Oakland, California, to determine whether the class settlement described in this notice should be approved and whether to award attorneys' fees and litigation expenses to lead counsel.

You are not required to attend the hearing. If you wish to object to the settlement or to lead counsel's application for an award of attorneys' fees and litigation expenses, you may appear in person at the hearing. You may also object without attending the hearing by submitting your objections in writing.

If you wish to object, you should file your objections with the clerk of the court at the address set forth below. You must also send a copy of your objections to class counsel, Nicholas Porritt, at the address set forth below.

The deadline for filing and serving your objections is _____.

| | |
|---|---|
| Office of the Clerk of the Court<br>UNITED STATES DISTRICT COURT<br>FOR THE NORTHERN DISTRICT OF<br>CALIFORNIA, OAKLAND DIVISION<br>1301 Clay Street<br>Oakland, CA 94612 | LEVI & KORSINSKY<br>Nicholas I. Porritt<br>1101 30th Street NW, Suite 115<br>Washington, DC 20007 |
| MORRISON & FOERSTER LLP<br>Darryl P. Rains<br>755 Page Mill Road<br>Palo Alto, CA 94304 | COOLEY LLP<br>John C. Dwyer<br>Five Palo Alto Square<br>3000 El Camino Real<br>Palo Alto, CA 94306 |

### Claim Form for Participation In the Settlement

You will be a member of the settlement class unless you submit a valid request for exclusion as set forth below. To be eligible to receive a payment from the settlement fund, you must complete, sign, and submit the attached claim form no later than _____.

As a member of the settlement class, you will be bound by the settlement if the court approves it, and the court's judgment of dismissal will be binding on you. You will be

permanently barred and enjoined from bringing any action against NeurogesX, the individual defendants, and their respective related persons and entities, arising out of your purchase of NeurogesX securities in the private placement completed on July 21, 2011. Unless you submit a timely and valid request for exclusion, the settlement will be binding on you whether or not you submit a claim form.

### Request for Exclusion from the Settlement

You may request exclusion from participation in the settlement. To request exclusion from the settlement class, you must deliver a written request for exclusion no later than _____. The exclusion request should be delivered to the clerk of the court and class counsel at the addresses set out above.

If you validly request exclusion from the class, you will not receive any payment or other benefit in the settlement, you will not be required to waive or release any claims against NeurogesX or the individual defendants, and you will not be bound by the terms of the settlement or any order that may be entered by the court in the action.

### Request for Additional Information

This notice is meant merely to provide you with a summary of the settlement. The complete terms of the proposed settlement are set forth in the enclosed documents, including the Stipulation of Settlement and the preliminary order of approval.

If you would like further information, you may contact lead counsel at the following address:

LEVI & KORSINSKY
Nicholas I. Porritt
1101 30th Street NW, Suite 115
Washington, DC 20007

Sincerely,

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MARITIME ASSET MANAGEMENT, LLC, on Behalf of Itself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>NEUROGESX, INC., ANTHONY A. DITONNO, STEPHEN F. GHIGLIERI, and JEFFREY K. TOBIAS, M.D.,<br><br>Defendants. | Case No. CV 12-05034-YGR<br><br>**CLASS ACTION**<br><br>**CLAIM FORM AND RELEASE**<br><br>**EXHIBIT A-2** |

# PART I:  CLAIM FORM

**A.    CLAIMANT IDENTIFICATION**

_____
Claimant's Name

_____
Street Address

_____        _____
City                                                  State               Zip Code

_____
Telephone Number

**B.    PURCHASE OF NEUROGESX SECURITIES IN PRIVATE PLACEMENT**

Our records indicate that you purchased \_\_\_\_ shares of common stock and \_\_\_\_ warrants in NeurogesX's July 21, 2011 private placement at a total price of $_____.

**Is this correct? Yes**\_\_\_\_ **No**\_\_\_\_

If you selected "No," please provide the correct information about your purchase in the space below and submit supporting documentation with this Claim Form.

_____        _____        $_____
Common stock    Warrants        Total price

# PART II:  RELEASE OF CLAIMS AND SIGNATURE

**A.    DEFINITIONS**

"Released Claims" means all claims, demands, rights, liabilities, suits, debts, obligations, and causes of action, of every nature and description whatsoever, whether known or unknown, contingent or absolute, mature or unmature, discovered or undiscovered, liquidated or unliquidated, accrued or unaccrued, including those that are concealed or hidden, regardless of legal or equitable theory, that have been, could have been, or in the future might be asserted based upon, arising out of, or in any way relating to: (i) any purchase or sale by any member of the settlement class of NeurogesX securities; (ii) any act, failure to act, omission, misrepresentation, fact, event, transaction, occurrence, or other matter set forth, alleged,

1  underlying, or otherwise referred to in the above-captioned action or that could have been
2  asserted in the action; or (iii) the subject matter of the above-captioned action. Notwithstanding
3  the foregoing, "Released Claims" does not include claims relating to the enforcement of the
4  settlement.

5      "Released Persons" means NeurogesX Inc., Anthony A. DiTonno, Stephen F. Ghiglieri,
6  and Jeffrey K. Tobias, M.D., and each of their respective spouses, family members, trusts,
7  estates, heirs, beneficiaries, executors, predecessors, successors, assigns, employees, agents,
8  affiliates, assignees, attorneys, auditors, controlling shareholders, directors, insurers, managers,
9  members, partners, officers, parent companies, personal or legal representatives, subsidiaries,
10 trustees, underwriters, and retained professionals, in their respective capacities as such.

11     "Unknown Claims" means all claims that any member of the settlement class does not
12 know or suspect to exist. Unknown Claims include, without limitation, those claims in which
13 some or all of the facts composing the claim may be unsuspected, undisclosed, concealed, or
14 hidden. Members of the settlement class expressly waive and relinquish all rights and benefits
15 conferred by California Civil Code Section 1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

19     Members of the settlement class also waive any right or benefits afforded by any similar
20 statute or law in California or any other jurisdiction.

21 **B.  THE RELEASE**

22     On behalf of the claimant listed above and his, her, or its spouse, family members, trusts,
23 estates, heirs, executors, beneficiaries, predecessors, successors, assigns, employees, agents,
24 affiliates, assignees, attorneys, auditors, shareholders, directors, insurers, managers, members,
25 partners, officers, parent companies, personal or legal representatives, subsidiaries, trustees,
26 underwriters, and retained professionals, in their respective capacities as such, and any other
27 individual or business or legal entity claiming (now or in the future) through or on behalf of the
28 claimant, directly or indirectly (collectively, the "Releasing Parties"), as of the date the

settlement becomes effective, I hereby fully, finally, and forever release, relinquish, waive, discharge, and dismiss each and all of the Released Claims (including Unknown Claims) against each and all of the Released Persons, and covenant not to sue any Released Person with respect to any Released Claim.

On behalf of the Releasing Parties, as of the date the settlement becomes effective, I hereby agree that the Releasing Parties are permanently barred, enjoined, and restrained from commencing, instituting, asserting, maintaining, enforcing, prosecuting, or otherwise pursuing, either directly or in any other capacity, any of the Released Claims (including any Unknown Claims) against any Released Person.

I declare, under penalty of perjury under the laws of the United States of America, that the statements made and answers given in this Claim Form are true and correct and that the documents submitted herewith are true and genuine.

_____
Signature of Claimant

_____      _____
Print Name of Claimant                                               Date

*If Claimant is other than an individual, or is not the person completing this form, the following also must be provided:*

_____
Signature of Person Completing Form

_____      _____
Print Name of Person Completing Form                         Date

_____
Capacity of Person Signing (Executor, President, Trustee, etc.)