# Exhibit 1

1

2

3

4

5

6 UNITED STATES DISTRICT COURT

7 NORTHERN DISTRICT OF CALIFORNIA

8 OAKLAND DIVISION

9

10 | MARITIME ASSET MANAGEMENT, LLC, on Behalf of Itself and All Others Similarly Situated, | Case No. CV 12-05034-YGR

11 | | **<u>CLASS ACTION</u>**

12 | Plaintiff, |

13 | v. | **STIPULATION OF SETTLEMENT**

14 | NEUROGESX, INC., ANTHONY A. DITONNO, STEPHEN F. GHIGLIERI, and JEFFREY K. TOBIAS, M.D., |

15 | |

16 | Defendants. |

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION OF SETTLEMENT
Case No. CV 12-05034-YGR

Lead Plaintiff (on behalf of itself and the Settlement Class) and the Defendants hereby agree to settle the Action on the terms and conditions set forth in this Stipulation of Settlement.

## 1.   Definitions

The following terms shall have the meanings specified below:

1.1   "Action" means the lawsuit now pending in the United States District Court for the Northern District of California under the caption *Maritime Asset Management, LLC v. NeurogesX, Inc. et al.*, Case No. CV 12-05034-YGR.

1.2   "Appeal" means any attempt to seek review of an order or the Judgment including any motion to alter or amend under Rules 52(b) or 59(e) of the Federal Rule of Civil Procedure, any appeal as of right, discretionary appeal, interlocutory appeal, petition for writ of certiorari or other proceeding involving writs of certiorari or mandamus, and any other proceedings of like kind.   Any appeal or other proceeding pertaining solely to the Plan of Allocation or an application for attorneys' fees and expenses shall not in any way delay or preclude occurrence of the Effective Date.

1.3   "Authorized Claimant" means any Settlement Class Member who has submitted a timely and valid Claim Form and who is entitled to a distribution from the Net Settlement Fund pursuant to the Plan of Allocation or any order of the Court.

1.4   "Claim Form" means the Claim Form and Release (substantially in the form of Exhibit A-2 to Exhibit A) that a Settlement Class Member must complete and timely submit in accordance with the instructions on the Claim Form if that Settlement Class Member seeks to be potentially eligible to share in a distribution of the Net Settlement Fund.

1.5   "Claimant" means a Person who has submitted a Claim Form in accordance with the instructions on the Claim Form seeking to be eligible to receive a distribution from the Net Settlement Fund.

1.6   "Complaint" means the Second Amended Class Action Complaint filed in the Action on October 29, 2013 as docket number 63.

1.7   "Court" means the United States District Court for the Northern District of California.

1.8    "Defendants" means NeurogesX, Anthony A. DiTonno, Stephen F. Ghiglieri, and Jeffrey K. Tobias, M.D.

1.9    "Defendants' Counsel" means the law firms of Morrison & Foerster LLP and Cooley LLP.

1.10    "Distribution Order" means an order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

1.11    "Effective Date" means the first date by which all of the events and conditions specified in paragraphs 14.2 through 14.9 of this Stipulation have been met and have occurred, at which time the Settlement described in this Stipulation shall become effective.

1.12    "Final Approval Hearing" means the hearing set by the Court under Rule 23(e) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

1.13    "Individual Defendants" means Anthony A. DiTonno, Stephen F. Ghiglieri, and Jeffrey K. Tobias, M.D.

1.14    "Judgment" means the Final Judgment and Order of Dismissal with Prejudice, substantially in the form of Exhibit B.

1.15    "Lead Counsel" means the law firm of Levi & Korsinsky LLP.

1.16    "Lead Plaintiff" and "Plaintiff" mean Maritime Asset Management, LLC.

1.17    "Litigation Expenses" means the reasonable costs and expenses incurred by Lead Counsel in connection with commencing and prosecuting the Action.  Litigation Expenses may also include reimbursement of Lead Plaintiff's expenses in accordance with 15 U.S.C. § 78u-4(a)(4).

1.18    "Maritime" means Maritime Asset Management, LLC.

1.19    "NeurogesX" means NeurogesX, Inc.

1.20    "Net Settlement Fund" means the Settlement Fund less:  (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) other costs, expenses or amounts as may be approved by the Court.

1.21   "Notice" means the letter from Lead Counsel describing the terms of the Settlement and the procedures for presenting the Settlement for the approval of the Court and for requesting exclusion from the Settlement Class or for submitting a Claim (substantially in the form of Exhibit A-1 to Exhibit A).

1.22   "Notice and Administration Costs" means the costs, fees, and expenses that are incurred in connection with (i) providing notice to the Settlement Class; and (ii) administering the claims process.

1.23   "Person" means an individual, corporation, limited liability company, professional corporation, partnership, domestic partnership, limited partnership, limited liability partnership, marital community, association, joint stock company, joint venture, joint venturer, estate, legal representative, trust or trustee, unincorporated association, government or any political subdivision or agency thereof, or any other business or legal entity.

1.24   "Plan of Allocation" means the plan for allocation of the Net Settlement Fund on a pro rata basis based on the ratio of (i) the purchase price paid by each Authorized Claimant to purchase shares in the Private Placement to (ii) the total purchase price paid by all Authorized Claimants, or such other plan of allocation as the Court shall approve.

1.25   "Preliminary Approval Order" means the order substantially in the form of Exhibit A.

1.26   "Private Placement" means the transaction described in the Securities Purchase Agreement dated July 21, 2011 between NeurogesX and the purchasers identified on the signature pages attached to that agreement.

1.27   "Released Claims" means all claims, demands, rights, liabilities, suits, debts, obligations, and causes of action, of every nature and description whatsoever, whether known or unknown, contingent or absolute, mature or unmature, discovered or undiscovered, liquidated or unliquidated, accrued or unaccrued, including those that are concealed or hidden, regardless of legal or equitable theory, that have been, could have been, or in the future might be asserted based upon, arising out of, or in any way relating to: (i) any purchase or sale by any Settlement Class member of NeurogesX Securities; (ii) any act, failure to act, omission, misrepresentation,

fact, event, transaction, occurrence, or other matter set forth, alleged, underlying, or otherwise referred to in the Action or that could have been alleged in the Action; or (iii) the subject matter of the Action.  Notwithstanding the foregoing, "Released Claims" does not include claims relating to the enforcement of the Settlement.

1.28  "Released Persons" means each of the Defendants, and each of their respective spouses, family members, trusts, estates, heirs, beneficiaries, executors, predecessors, successors, assigns, employees, agents, affiliates, assignees, attorneys, auditors, controlling shareholders, directors, insurers, managers, members, partners, officers, parent companies, personal or legal representatives, subsidiaries, trustees, underwriters, and retained professionals, in their respective capacities as such.

1.29  "Releasing Parties" means Plaintiff and each Settlement Class Member, for themselves and on behalf of each of their respective spouses, family members, trusts, estates, heirs, executors, beneficiaries, predecessors, successors, assigns, employees, agents, affiliates, assignees, attorneys, auditors, shareholders, directors, insurers, managers, members, partners, officers, parent companies, personal or legal representatives, subsidiaries, trustees, underwriters, and retained professionals, in their respective capacities as such, and any other Person claiming (now or in the future) through or on behalf of any of them, directly or indirectly.

1.30  "Request for Exclusion" means a request by a Member of the Settlement Class to be excluded from participating in the Settlement, submitted in accordance with the requirements set out in the Notice or otherwise accepted by the Court.

1.31  "Securities" or "NeurogesX Securities" means NeurogesX's common stock and/or warrants to purchase NeurogesX's common stock.

1.32  "Settlement" or "Stipulation" means this Stipulation of Settlement.

1.33  "Settlement Class" means all Persons who purchased or otherwise acquired NeurogesX Securities pursuant to the July 21, 2011 Private Placement.  Excluded from the Settlement Class are Defendants, the officers and directors of NeurogesX, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which any Defendant has a controlling interest.  Also excluded from the Settlement Class are any

Persons who otherwise satisfy the above requirements for membership in the Settlement Class, but who exclude themselves by submitting a valid Request for Exclusion.

1.34   "Settlement Class Member" or "Member of the Settlement Class" means a Person who falls within the definition of the Settlement Class.

1.35   "Settlement Fund" means the sum of One Million Two Hundred Fifty Thousand United States dollars ($1,250,000) in cash, which Defendants shall cause to be paid to Lead Counsel, to be held for the benefit of Settlement Class Members, within fourteen (14) business days after entry of the Judgment, plus all interest and income earned thereon.

1.36   "Settling Parties" means, collectively, (i) Defendants and (ii) Plaintiff on behalf of itself and the Settlement Class Members.

1.37   "Supplemental Agreement" means the Supplemental Agreement regarding the Opt-Out Threshold to be signed by the Settling Parties in connection with this Stipulation.

1.38   "Taxes" means:  (i) all federal, state and/or local taxes of any kind (including estimated taxes, interest, or penalties) on any income earned by the Settlement Fund; (ii) any taxes or tax detriments that may be imposed upon Defendants or their counsel with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes; and (iii) the reasonable expenses and costs incurred by Lead Counsel in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, reasonable expenses of tax attorneys and accountants).

1.39   "Unknown Claims" means all claims that any Plaintiff or any other Settlement Class Member does not know or suspect to exist as of the Effective Date.  Unknown Claims include, without limitation, those claims in which some or all of the facts composing the claim may be unsuspected, undisclosed, concealed, or hidden.

## 2.   Description of the Action

2.1   On April 23, 2012, a class action was filed against the Defendants in the United States District Court for the Southern District of New York asserting violations of the federal securities laws and various state laws.  By order dated September 13, 2012, the United States

District Court for the Southern District of New York (i) appointed Maritime and Ophir Keynan as lead plaintiffs, and (ii) appointed Levi & Korsinsky LLP as lead counsel.

2.2     Pursuant to a stipulation of the parties, on September 21, 2012, the action was transferred from the Southern District of New York to the Northern District of California.   On May 28, 2013, Maritime and Ophir Keynan filed a First Amended Class Action Complaint (the "First Amended Complaint").   The First Amended Complaint asserted claims against NeurogesX under §10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 on behalf of a class of all persons who purchased or otherwise acquired NeurogesX securities between May 9, 2011 and September 27, 2011, and also on behalf of a subclass of investors who purchased or otherwise acquired NeurogesX Securities on July 21, 2011 in the Private Placement.   The First Amended Complaint also asserted claims on behalf of the same classes under §20(a) of the Exchange Act against the Individual Defendants.   The First Amended Complaint also alleged state law claims:   (1) for fraud in the inducement against NeurogesX and Tobias (on behalf of Maritime only), (2) for breach of contract against NeurogesX and DiTonno (on behalf of the investors in the Private Placement), and (3) for fraud against all defendants (on behalf of the investors in the Private Placement).   The First Amended Complaint also alleged an aiding and abetting claim against the Individual Defendants.

2.3     On September 13, 2013, the Court dismissed the First Amended Complaint with leave to amend.   On October 29, 2013, Lead Plaintiff filed the Complaint.   The Complaint asserts claims against NeurogesX and Dr. Tobias under §10(b) and Rule 10b-5, and against the Individual Defendants under §20(a) on behalf of investors who purchased or otherwise acquired NeurogesX Securities, in the Private Placement.   Ophir Keynan was not named as a plaintiff.

2.4     The Complaint also asserts state law claims on behalf of Maritime individually for breach of contract against NeurogesX and fraud in the inducement against Dr. Tobias.

2.5     On December 12, 2013, motions to dismiss the Complaint were filed on behalf of all Defendants.   Lead Plaintiff filed an opposition to the motions on January 17, 2014, and Defendants filed reply briefs on February 4, 2014.   A hearing on the motions was scheduled for March 25, 2014.

2.6     On March 18, 2014, the Settling Parties participated in a mediation before the Honorable Edward I. Infante of JAMS, during which the Settling Parties reached an agreement-in-principle to settle the Action on the terms and conditions set forth herein.

**3.      Benefits of the Settlement**

3.1     Lead Counsel have conducted an investigation relating to the claims and the underlying events and transactions alleged in the Action.  Lead Counsel have analyzed evidence adduced in their investigation and have researched the applicable law with respect to the claims of Plaintiff and the Settlement Class against Defendants, as well as the potential defenses thereto.

3.2     Based upon their investigation, Lead Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable, and adequate to Plaintiff and the Settlement Class, and in their best interests, and, accordingly, Plaintiff has agreed to the terms and provisions of this Stipulation, after considering (i) the substantial benefits that Plaintiff and the Settlement Class will receive from resolution of the Action; (ii) the attendant risks of litigation; (iii) the recommendation of the Honorable Edward A. Infante; and (iv) the desirability of permitting the Settlement to be consummated as provided by the terms of this Stipulation.

3.3     Defendants have indicated their intent vigorously to contest each and every claim in the Action.  Defendants have consistently maintained that they acted in accordance with governing laws and standards at all times, and that Defendants' statements and NeurogesX's documents presented a full and fair description of all material matters.  Defendants have also compiled testimony and documentary evidence from which they are prepared to demonstrate that the allegations contained in the Complaint or made in the Action are without basis.  In addition, there has been no finding whatsoever, by any court or agency, of any wrongdoing of any kind on Defendants' part.

3.4     Defendants nonetheless have concluded that it is in their best interests that the Action be settled on the terms and conditions set forth in this Stipulation.  Defendants reached that conclusion after considering the factual and legal issues in the Action, the substantial benefits to Defendants of a final resolution of the Action, the recommendation of the Honorable Edward A. Infante, the expense that would be necessary to defend the Action through trial and

through any appeals that might be taken, and the benefits of disposing of protracted and complex litigation.

**4.      No Admission of Fault, Liability, or Wrongdoing**

4.1      Defendants enter into this Stipulation without in any way acknowledging any fault, liability, or wrongdoing of any kind.  Defendants continue vigorously to deny all of the material allegations in the Action, and assert that the claims alleged in the Action are completely without merit.

4.2      Neither this Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind.

4.3      Neither this Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be referred to, offered as evidence, or received in evidence in any pending or future civil, criminal, or administrative action or proceeding, except in a proceeding to enforce this Stipulation, or to defend against the assertion of Released Claims, or as otherwise required by law.

**5.      The Settlement Fund**

5.1      As full consideration for the Settlement, Defendants shall cause to be paid the amount of $1,250,000.00 to Lead Counsel for the benefit of Settlement Class Members, no later than fourteen (14) business days after entry of the Judgment.  To facilitate the timely payment, Lead Counsel shall provide to Defendants' Counsel complete payment instructions for making the payment by check, including any necessary tax forms and/or other information, no later than ten (10) calendar days before the Final Approval Hearing.

5.2      Other than the obligation of Defendants as set forth in paragraph 5.1, under no circumstances will any Released Person have any obligation to make any payment pursuant to this Settlement.  No Released Person shall have any responsibility for, or liability whatsoever with respect to, the Settlement Fund, the Net Settlement Fund, the maintenance, administration, investment, or distribution of the Settlement Fund or the Net Settlement Fund, the establishment

or administration of the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of Taxes, the administration of the Settlement, or any losses incurred in connection with such matters.  The Released Persons shall have no further or other liability or obligations to Plaintiff, Lead Counsel, or any Settlement Class Member with respect to the Released Claims, except as expressly stated in this Stipulation.  The Settlement Fund shall indemnify and hold all Released Persons harmless for any costs of administration of the Settlement and the Settlement Fund of any kind whatsoever (including, without limitation, costs associated with any such indemnification).

5.3    The interest earned on the Settlement Fund shall be for the benefit of the Settlement Class if the Effective Date occurs.  If the Effective Date does not occur and the Settlement is terminated, the interest earned on the Settlement Fund shall be for the benefit of the Person(s) that made the payment provided for in paragraph 5.1 on behalf of Defendants.

5.4    Upon the occurrence of the Effective Date, Defendants shall not have any right to the return of the Settlement Fund or any portion thereof irrespective of the number of Claims filed, the collective amount of losses of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.

**6.    Administration and Use of Settlement Fund**

6.1    Lead Counsel shall administer the Settlement Fund subject to the jurisdiction of the Court.  Lead Counsel shall not disburse the Settlement Fund except (i) as provided in this Stipulation, (ii) as provided in the Plan of Allocation, (iii) pursuant to an order of the Court, or (iv) with the written agreement of Defendants' Counsel.

6.2    The Settlement Fund shall be used to pay: (i) Taxes; (ii) Notice and Administration Costs as approved by the Court; (iii) attorneys' fees awarded by the Court; (iv) Litigation Expenses awarded by the Court; (v) all other fees, costs, and expenses incurred by or on behalf of Plaintiff and the Settlement Class associated with the Settlement; and (vi) any other costs, expenses, or amounts as may be approved by the Court.  The Net Settlement Fund shall be distributed to Authorized Claimants as provided in a Plan of Allocation proposed by Plaintiff subject to Court approval.

6.3     The Settlement Fund shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further order of the Court.

6.4     All risks related to the investment of the Settlement Fund shall be borne by the Settlement Fund and not by any of the Released Persons.

6.5     Before the Effective Date, Lead Counsel may use up to $5,000.00 of the Settlement Fund to pay Notice and Administration Costs reasonably, necessarily, and actually incurred, without further approval of Defendants or order of the Court.  Such costs and expenses shall include, without limitation, the actual costs of printing and mailing the Notice and Claim Form, the administrative expenses actually incurred and fees reasonably charged in connection with contact for Settlement Class Members, and providing notice and processing any submitted Claim Forms.  In the event that Lead Counsel seek more than $5,000.00 before the Effective Date to pay such costs, Lead Counsel shall submit a written request to Defendants' Counsel seeking to utilize additional monies from the Settlement Fund for the purpose of providing notice and administering the Settlement.  Defendants will provide approval for expenditure of reasonable additional amounts where need is substantiated.  In the event that the Settlement is terminated pursuant to the terms of this Stipulation, all Notice and Administration Costs properly paid or incurred, including any related fees, shall not be returned or repaid to Defendants or their insurance carriers.

**7.     Taxes**

7.1     The Settling Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund.  Such returns shall be consistent with this paragraph and in all events shall reflect that all taxes on the income earned on the Settlement Fund shall be paid out of the Settlement Fund.  Lead Counsel shall also be solely

responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund.  Upon written request, Defendants will provide promptly to Lead Counsel the statement described in Treasury Regulation § 1.468B-3(e).  Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.  It shall be the responsibility of Lead Counsel to prepare and deliver timely and properly the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filings to occur.

7.2     All Taxes shall be paid out of the Settlement Fund, and shall be timely paid by Lead Counsel without prior order of the Court.  Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes (including any interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund.  Further, Taxes and all related expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund, and Lead Counsel shall be obligated to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(1)(2)); neither Defendants nor their counsel nor any other Released Person is responsible therefor, nor shall they have any liability whatsoever with respect thereto, nor shall they be liable for any reporting requirements that may relate thereto.

7.3     In all events neither Defendants nor their counsel, nor any other Released Person, shall have any responsibility for or liability whatsoever with respect to the Taxes or the filing of any tax returns or other documents with the Internal Revenue Service or any state or local taxing authority in connection with the Settlement Fund.  The Settlement Fund shall indemnify and hold all Released Persons harmless for any Taxes and related expenses on the Settlement Fund of any

kind whatsoever (including, without limitation, taxes payable by reason of any such indemnification).  Defendants shall notify the Lead Counsel promptly if Defendants receive any notice of any claim for Taxes relating to the Settlement Fund.

**8.     Attorneys' Fees and Litigation Expenses**

8.1     Lead Counsel may apply to the Court for an award of attorneys' fees to Lead Counsel.  Lead Counsel agrees not to seek an amount of attorneys' fees in excess of $312,500, and Defendants agree not to oppose any application for attorneys' fees that does not exceed that amount.  Lead Counsel also may apply to the Court for reimbursement of Litigation Expenses.

8.2     If the Settlement is terminated for any reason, or if, as a result of any Appeal or further proceedings on remand or successful collateral attack, the award of attorneys' fees and/or Litigation Expenses is reduced or reversed, then, no later than fourteen (14) business days after receiving from Defendants' Counsel or from a court of appropriate jurisdiction notice of the termination of the Settlement or notice of any reduction of the award of attorneys' fees and/or Litigation Expenses, Lead Counsel shall refund to the Person(s) that made the payment provided for in paragraph 5.1 on behalf of Defendants all fees and Litigation Expenses previously paid out of the Settlement Fund in an amount consistent with the reversal or modification, plus interest earned thereon.  Lead Counsel agrees to incorporate its obligation under the preceding sentence into any proposed order awarding attorneys' fees and Litigation Expenses filed with the Court.

8.3     An award of attorneys' fees and/or Litigation Expenses is not a necessary term of this Stipulation and is not a condition of this Stipulation.  Plaintiff and Lead Counsel may not cancel or terminate the Settlement based on the Court's or any appellate court's ruling with respect to attorneys' fees and/or Litigation Expenses.

**9.     Claims Administration**

9.1     Lead Counsel shall administer the process of soliciting, receiving, reviewing, and preliminarily approving or denying claims.  Lead Counsel shall discharge these duties subject to the jurisdiction of the Court and the Court's approval of any decisions approving or denying claims.  Lead Counsel shall be responsible for supervising the administration of the Settlement and disbursement of the Net Settlement Fund.  No Released Person shall have any involvement

in, responsibility for, or liability or obligation whatsoever with respect to the Plan of Allocation, the administration of the Settlement, the management, disposition, investment, distribution, allocation, or disbursement of the Settlement Fund or the Net Settlement Fund, the determination, administration, calculation, or payment of claims, the payment or withholding of Taxes, or any losses incurred in connection with any such matters.  No Person shall have any claim against the Released Persons or Defendants' Counsel arising from or relating to any of the foregoing, and Plaintiff, Lead Counsel, and each other Settlement Class Member hereby fully, finally, and forever releases, relinquishes, and discharges the Released Persons and Defendants' Counsel from any and all such liability.  No Defendant shall be permitted to review, contest, or object to any Claim or any decision of Lead Counsel with respect to accepting or rejecting any Claim for payment by a Settlement Class Member or Claimant.  Defendants and Defendants' Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

9.2    Lead Counsel shall cause the Notice and Claim Form to be mailed to those Members of the Settlement Class who may be identified through reasonable effort, including through the cooperation of NeurogesX and/or its agents. For the purpose of identifying and providing notice to the Settlement Class, within five (5) business days of the date of entry of the Preliminary Approval Order, NeurogesX shall provide or cause to be provided to Lead Counsel (at no cost to the Settlement Fund, Plaintiff, or Lead Counsel) a list of the names and last known addresses of all purchasers in the July 21, 2011 Private Placement, in electronic form.

9.3    Lead Counsel shall receive Claims and administer them according to the Plan of Allocation, as proposed by Plaintiff and approved by the Court, or according to such other plan of allocation as the Court approves.  The proposed Plan of Allocation is set forth in the Notice attached hereto as Exhibit A-1 to Exhibit A.

9.4    No funds from the Net Settlement Fund shall be distributed to Authorized Claimants until after the Effective Date.  The allocation of the Net Settlement Fund among Authorized Claimants is a matter separate and apart from the proposed Settlement between Defendants and Plaintiff, and any decision by the Court concerning the Plan of Allocation shall

not affect the validity or finality of the proposed Settlement.  The Plan of Allocation proposed in the Notice is not a necessary term of this Stipulation, and it is not a condition of this Stipulation that any particular plan of allocation be approved by the Court.  Plaintiff and Lead Counsel may not cancel or terminate the Settlement based on this Court's or any appellate court's ruling with respect to the Plan of Allocation or any plan of allocation in this Action.  In the event of any modification or rejection of the terms of any Plan of Allocation or the Stipulation with respect to attorneys' fees or Litigation Expenses, the Released Persons shall be entitled to all benefits of the Settlement and the Released Persons shall not, under any circumstances, be called upon to contribute additional funds to the Settlement Fund.

9.5     All Persons who fall within the definition of Settlement Class Member (and do not exclude themselves by submitting a valid Request for Exclusion) shall be subject to and bound by the provisions of this Stipulation, the releases contained herein and the Judgment with respect to all Released Claims (including Unknown Claims), and will be permanently barred and enjoined from bringing any action against any and all Released Persons concerning any and all of the Released Claims (including Unknown Claims) regardless of whether such Persons seek or obtain by any means, including, without limitation, by submitting a Claim or any similar documentation, any distribution from the Settlement Fund or the Net Settlement Fund.

9.6     All Claim Forms must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Notice, unless such deadline is extended by Order of the Court.  Any Settlement Class Member who fails to submit a Claim Form by such date, or who timely submits a Claim Form that is rejected, shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless, by Order of the Court, late-submitted Claim Forms are accepted), but shall in all other respects be subject to and bound by all of the terms and provisions of this Stipulation, including the terms of the Judgment and the releases provided for in the Judgment and herein, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind against any Released Person concerning any Released Claim (including any Unknown Claim).  A Claim Form shall be deemed to be submitted when posted, if received with a postmark indicated on the

envelope and if mailed by first-class mail or other delivery service and addressed in accordance with the instructions thereon.

9.7    By filing a Claim Form, each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim Form, and the Claim Form will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that Claimant's status as a Settlement Class Member and the validity and amount of the Claimant's claim.  No discovery shall be allowed on the merits of this Action or this Settlement in connection with the processing of Claim Forms.

9.8    Lead Counsel will apply to the Court, with reasonable advance notice to Defendants, for a Distribution Order:  (i) approving administrative determinations concerning the acceptance and rejection of the Claim Forms submitted; (ii) approving payment of any outstanding administration fees and expenses associated with the administration of the Settlement; and (iii) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants.

9.9    Payment pursuant to the Distribution Order shall be final and conclusive against any and all Settlement Class Members.  Any Settlement Class Member who submits a Claim Form that is not approved by the Court shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be subject to and bound by all of the terms of this Stipulation, including the terms of the Judgment to be entered in this Action and the releases provided for in the Judgment and herein, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind against any Released Person concerning any Released Claim (including any Unknown Claim).

9.10   All proceedings with respect to the administration, processing, and determination of Claim Forms and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of the Court.

**10.    Requests for Exclusion**

10.1    Settlement Class Members requesting exclusion from the Settlement Class shall be requested to provide certain information in the manner described in the Notice.  Any Request for Exclusion must also be signed by the Person requesting exclusion.

10.2    All Persons who submit valid and timely requests for exclusion in the manner set forth in the Notice shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or the Judgment.  The deadline for submitting requests for exclusion shall be set by the Court, but shall be no later than twenty-one (21) calendar days before the Final Approval Hearing.  Exclusion requests may not be submitted by e-mail, unless otherwise ordered by the Court.

10.3    Copies of all requests for exclusion received by Lead Counsel, together with copies of all written revocations of requests for exclusion, shall be delivered to Defendants' Counsel within five (5) calendar days of receipt by Lead Counsel, and in no event later than fourteen (14) calendar days before the Final Approval Hearing.

**11.    Terms of the Judgment**

11.1    If the Settlement contemplated by this Stipulation is approved by the Court, Lead Counsel and Defendants' Counsel shall request that the Court enter a Judgment, substantially in the form of Exhibit B.

**12.    Certification of Settlement Class**

12.1    For purposes of Settlement only, the Settling Parties stipulate to:  (i) the certification of the Settlement Class pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure; (ii) the appointment of Lead Plaintiff as the class representative for the Settlement Class; and (iii) the appointment of Lead Counsel as counsel to the Settlement Class.

12.2    The certification of the Settlement Class shall be binding only with respect to the Settlement of the Action and only if the Judgment contemplated by this Stipulation is entered and the Effective Date occurs.  Nothing in this Stipulation shall serve in any fashion, either directly or indirectly, as evidence of or support for certification of a class other than for settlement purposes, and the Settling Parties intend that the provisions herein concerning

certification of the Settlement Class shall have no effect in the event that the Effective Date does not occur.  Defendants expressly reserve the right to contest class certification in the event the Settlement is terminated or the Effective Date does not occur for any other reason.

**13.   Releases and Bar Order**

13.1   Upon the Effective Date, the Releasing Parties, regardless of whether any such Releasing Party ever seeks or obtains by any means (including, without limitation, by submitting a Claim) any distribution from the Net Settlement Fund, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever released, relinquished, waived, discharged, and dismissed each and all of the Released Claims (including Unknown Claims) against each and all of the Released Persons, and shall have covenanted not to sue any Released Person with respect to any Released Claim.

13.2   Plaintiff, individually and on behalf of the Releasing Parties, expressly waives and relinquishes, and each Releasing Party shall be deemed to have expressly waived and relinquished, all rights and benefits conferred by California Civil Code Section 1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Plaintiff and the Releasing Parties also waive any right or benefits afforded by any similar statute or law in California or any other jurisdiction.

13.3   The provisions of paragraphs 13.1 and 13.2 shall not apply to any Person who independently would be a member of the Settlement Class and timely excludes himself, herself, or itself.

13.4   By entering into this Stipulation, Plaintiff represents and warrants that it has not assigned, hypothecated, conveyed, transferred, or otherwise granted or given any interest in the Released Claims, or any of them, to any other Person.

13.5   Upon the Effective Date, Plaintiff and each Releasing Party shall be forever permanently barred, enjoined, and restrained from commencing, instituting, asserting,

maintaining, enforcing, prosecuting, or otherwise pursuing, either directly or in any other capacity, any of the Released Claims (including any Unknown Claims) against any Released Person.

**14.    The Effective Date**

14.1    The settlement of the Action shall become effective on the first date by which all of the events set forth in paragraphs 14.2 through 14.9 have occurred:

14.2    Lead Counsel and Defendants' Counsel have executed this Stipulation.

14.3    The Court has entered the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A.

14.4    The payment provided for in paragraph 5.1 has been made to Lead Counsel for the benefit of Settlement Class Members.

14.5    NeurogesX has not notified Lead Counsel of its election to terminate the Settlement pursuant to ¶15.2 and the provisions of the Supplemental Agreement, or, if such election has been made, the resulting termination has been withdrawn pursuant to the terms of the Supplemental Agreement.

14.6    The Court has entered the Judgment, substantially in the form attached hereto as Exhibit B.

14.7    No Settling Party has given notice of its election to terminate the Settlement pursuant to ¶15.1, and the time for doing so has expired.

14.8    The time to Appeal from the Judgment has expired.

14.9    If any Appeal is taken from the Judgment, the Appeal has either been dismissed or has resulted in affirmance of the Judgment.

**15.    Waiver or Termination**

15.1    If the Court (a) enters an order expressly declining to enter the Preliminary Approval Order in any material respect, (b) refuses to approve this Stipulation or any material part of it, (c) declines to enter the Judgment in any material respect, and/or (d) enters the Judgment and a court makes a final determination vacating, modifying, or reversing the Judgment in any material respect, Defendants and Plaintiff each shall have the right to terminate

the Settlement and this Stipulation within thirty (30) days from the date of receipt of such ruling by providing written notice to the other of an election to do so.  However, any decision with respect to an application for attorneys' fees or Litigation Expenses, or with respect to any Plan of Allocation, shall not be considered material to the Settlement and shall not be grounds for termination.

15.2    If, as specified in the Supplemental Agreement, the dollar value of NeurogesX Securities purchased or acquired pursuant to the July 21, 2011 Private Placement by Persons who would otherwise be Members of the Settlement Class, but who, in accordance with the provisions of the Notice, timely and validly request exclusion from the Settlement Class, exceeds the threshold(s) specified in the Supplemental Agreement, NeurogesX, in consultation with Dr. Tobias, shall have the option to terminate the Settlement in accordance with the procedures set forth in the Supplemental Agreement and without providing any further reason for its decision to exercise its option to terminate.  For purposes of the Supplemental Agreement, any Request for Exclusion that results in the exclusion of the Settlement Class Member from the Settlement Class, by order of the Court or otherwise, shall be treated as timely and valid.  The Supplemental Agreement is confidential and shall not be filed with the Court, but may be examined *in camera*, if so requested by the Court (unless otherwise required by court rule, or unless and until a dispute as between the Plaintiff and Defendants concerning its interpretation or application arises).  If the Court requires that the Supplemental Agreement be filed, it shall be filed with the Court under seal.

15.3    Except as otherwise provided in this Stipulation, in the event the Settlement is terminated, then:

(a)    The terms of this Stipulation and any Judgment that may have been entered pursuant to this Stipulation shall be null and void and shall have no further force or effect, and neither the existence nor the terms of this Stipulation or the Judgment (nor any negotiations preceding this Stipulation nor any acts performed pursuant to, or in furtherance of, this Stipulation) shall be used in this Action or in any other proceeding for any purpose (other than to enforce the terms remaining in effect, if any); and

(b)     The Settlement Fund, less any Taxes paid or that have accrued and will be payable at some later date with respect to such income, and less reasonable Notice and Administration Costs already incurred that either have been actually and properly paid or are due and owing, shall be returned to the Person(s) that made the payment provided for in paragraph 5.1 on behalf of Defendants, and any award of attorneys' fees and/or Litigation Expenses shall be returned to the Person(s) that made the payment provided for in paragraph 5.1 on behalf of Defendants.

### 16.     Miscellaneous Provisions

16.1     Except as otherwise provided in this Stipulation, all of the attached exhibits attached hereto are material and integral parts of this Stipulation and are hereby incorporated by reference as though fully set forth herein.

16.2     The Settling Parties intend this Settlement to be a final and complete resolution of all Released Claims by Plaintiff and all Settlement Class Members against all Released Persons. Except as otherwise provided herein, each Settling Party shall bear its own costs.

16.3     Plaintiff and Defendants, and their respective attorneys, agree not to assert in any forum that this Action was brought by Plaintiff or Lead Counsel, or defended by Defendants or Defendants' Counsel, in bad faith or without a reasonable basis.  For the purpose of the Court's findings and conclusions pursuant to Section 21D(c)(1) of the Exchange Act, as amended by the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(c)(1), Plaintiff and Defendants shall assert no claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the prosecution, defense or settlement of this Action.  The Settling Parties agree that the amount paid and the other terms of this Settlement were negotiated at arm's length and in good faith, including in connection with a mediation conducted by a professional mediator, and reflect a settlement that was reached voluntarily after consultation with experienced legal counsel.

16.4     This Settlement, including the exhibits attached to this Stipulation and the Supplemental Agreement, may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by or on behalf of all Settling Parties.

16.5    This Settlement, its attached exhibits, and the Supplemental Agreement constitute the entire agreement among the Settling Parties concerning this Settlement, and no representations, warranties, or inducements have been made by or to any Settling Party concerning this Settlement, its attached exhibits or the Supplemental Agreement other than those contained and memorialized in such documents.    This Settlement and the Supplemental Agreement supersede any and all prior statements, representations, promises, or other agreements, written or oral, with respect to the subject matter of this Stipulation and the Supplemental Agreement.

16.6    It is understood by the Settling Parties that, except for the matters expressly represented herein, the facts or law with respect to which this Settlement is entered into may turn out to be other than or different from the facts and law now known to each Settling Party or believed by such party to be true; each party therefore expressly assumes the risk of the facts or law turning out to be different from the facts and law now known to such Settling Party or believed by such party to be true, and agrees that this Stipulation shall be in all respects effective and not subject to termination by reason of any such different facts or law.

16.7    This Settlement may be executed in one or more original, e-mailed, and/or faxed counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  Counsel for each of the Settling Parties will maintain their own respective original signature pages.  No Settling Party shall raise the use of email to deliver or transmit a signature as a defense to the formation or enforceability of this Settlement, and each Settling Party forever waives any such defense.  A complete set of executed counterparts shall be filed with the Court.

16.8    This Settlement shall be binding upon, and inure to the benefit of, the heirs, successors, and assigns of the Settling Parties and the Released Persons, including any corporation or other entity into or with which any Settling Party or Released Person merges, consolidates or reorganizes.

16.9    Pending approval of the Court of the Settlement and its attached exhibits, all proceedings in the Action shall be stayed.

16.10  All agreements made and orders entered during the course of the Action relating to the confidentiality of information shall survive this Settlement.

16.11  The construction, interpretation, operation, effect, and validity of this Settlement, the exhibits attached hereto and the Supplemental Agreement, and all documents necessary to effectuate them, shall be governed by the laws of the State of California without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.  The rights and obligations of the Settling Parties with respect to this Settlement shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of California without giving effect to that State's choice-of-law principles.

16.12  This Settlement, the exhibits attached hereto, and the Supplemental Agreement, shall not be construed more strictly against one Settling Party than another merely by virtue of the fact that such document, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that it is the result of arm's-length negotiations among the Settling Parties and all Settling Parties have contributed substantially and materially to the preparation of this Settlement, its exhibits, and the Supplemental Agreement.

16.13  All counsel and any other Person executing this Settlement and any of the exhibits attached hereto, or the Supplemental Agreement, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Settlement to effectuate its terms.

16.14  Lead Counsel and Defendants' Counsel agree to cooperate fully in seeking Court approval of the Preliminary Approval Order and the Settlement, and to use reasonable efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

16.15  If any party is required to give notice to the other parties under this Settlement, such notice shall be in writing and shall be deemed to have been duly given upon receipt by hand delivery, facsimile transmission, or electronic mail.  Notice shall be provided to the counsel indicated on the signature block below.

1   IN WITNESS WHEREOF, the Settling Parties hereto have caused this Settlement to be

2   executed by their duly authorized attorneys, dated May 16, 2014.

3                                       LEVI & KORSINSKY

4

5                                          /s/ Nicholas I. Porritt
6                                         Nicholas I. Porritt

7   NICHOLAS I. PORRITT
    1101 30th Street NW, Suite 115
8   Washington, DC 20007
    Tel:    (202) 524-4290
9   Fax:    (202) 333-2121

10  *Attorneys for Lead Plaintiff*
    *Maritime Asset Management, LLC*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORRISON & FOERSTER LLP


_____/s/ Darryl P. Rains_____
Darryl P. Rains

DARRYL P. RAINS
755 Page Mill Road
Palo Alto, CA 94304
Tel:    (650) 813-5600
Fax:    (650) 494-0792

KEVIN A. CALIA
425 Market Street
San Francisco, CA 94105
Tel:    (415) 268-7000
Fax:    (415) 268-7522

*Attorneys for Defendants*
*NeurogesX, Inc., Anthony A. DiTonno, and*
*Stephen F. Ghiglieri*

COOLEY LLP


_____/s/ Angela L. Dunning_____
Angela L. Dunning

JOHN C. DWYER
ANGELA L. DUNNING
JEFFREY M. WALKER
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306
Tel:    (650) 843-5000
Fax:    (650) 849-7400

*Attorneys for Defendant*
*Jeffrey K. Tobias, M.D.*

1

2

3

4

5

6

7

8

9          UNITED STATES DISTRICT COURT

10         NORTHERN DISTRICT OF CALIFORNIA

11              OAKLAND DIVISION

12  MARITIME ASSET MANAGEMENT, LLC,      Case No. CV 12-05034-YGR
    on Behalf of Itself and All Others Similarly
13  Situated,                            **CLASS ACTION**

14              Plaintiff,               **ORDER CERTIFYING
                                         SETTLEMENT CLASS,**
15       v.                              **APPROVING CLASS NOTICE, AND
                                         SETTING SETTLEMENT**
16  NEUROGESX, INC., ANTHONY A.          **HEARING**
    DITONNO, STEPHEN F. GHIGLIERI, and
17  JEFFREY K. TOBIAS, M.D.,             **EXHIBIT A**

18              Defendants.

19

20

21

22

23

24

25

26

27

28

The Court has received the Stipulation of Settlement dated _____, 2014 (the "Stipulation" or "Settlement") that has been entered into by Lead Plaintiff and Defendants. The Court has reviewed the Settlement and its attached exhibits, and, good cause appearing,

IT IS HEREBY ORDERED AS FOLLOWS:

1.      The Court, for purposes of this order, adopts the definitions set forth in paragraphs 1.1 through 1.39 of the Settlement.

2.      The Court hereby certifies the Settlement Class consisting of all Persons who purchased or otherwise acquired NeurogesX Securities pursuant to the July 21, 2011 Private Placement. Excluded from the Settlement Class are Defendants, the officers and directors of NeurogesX, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which any defendant has a controlling interest. Also excluded from the Settlement Class are any Persons who exclude themselves by submitting a valid request for exclusion in accordance with the requirements set forth in the Notice. The Court certifies Lead Plaintiff as the class representative for the Settlement Class and appoints Levi & Korsinsky LLP as Lead Counsel to the Settlement Class. The certification of the Settlement Class, and appointments of the class representative and Lead Counsel, shall be binding only with respect to the Settlement. If, for any reason, the Settlement is terminated, or the Effective Date does not occur, the certification of the Settlement Class shall automatically be vacated, and the Action shall proceed as though the Settlement Class had never been certified.

3.      The Court preliminarily approves the Settlement as falling within the range of possible approval and meriting submission to the Settlement Class for consideration, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure.

4.      The Court approves for distribution to potential members of the Settlement Class the Notice substantially in the form of Exhibit A-1 to this order, and the Claim Form substantially in the form of Exhibit A-2 to this order.

5.      Lead Counsel shall distribute, by registered first class mail, the Notice and Claim Form to all persons who purchased NeurogesX Securities pursuant to the July 21, 2011 Private Placement. The deadline for mailing of the Notice shall be _____, 2014. Lead Counsel shall

file with the Court and serve upon Counsel for Defendants no later than 28 calendar days prior to the Final Approval Hearing an affidavit or declaration stating that the mailings have been completed in accordance with the terms of this order.

6.   The Court finds that dissemination of the Notice and Claim Form in the manner required in paragraph 5 constitutes the best notice practicable under the circumstances to potential members of the Settlement Class, and complies fully with Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934 (as amended by the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(a)(7)), and the United States Constitution.

7.   The Final Approval Hearing will be held on _____, 2014, at _:__ _.m., in the United States District Court for the Northern District of California, Oakland Division, 1301 Clay Street, Courtroom 1, 4th Floor, Oakland, California, at which the Court will determine:  (1) whether the Settlement should be approved as fair, reasonable, and adequate; (2) whether the Judgment, substantially in the form attached as Exhibit B to the Settlement, should be entered; (3) whether Lead Counsel's Plan of Allocation is fair, reasonable, and adequate; and (4) whether the application of Lead Counsel for attorneys' fees and Litigation Expenses should be approved.  The Court may adjourn or continue the Final Approval Hearing without further notice to the Settlement Class.

8.   Any Settlement Class Member who objects to the Settlement, the Plan of Allocation, or application of Lead Counsel for attorneys' fees and Litigation Expenses, shall have a right to appear and be heard at the Final Approval Hearing.  Any such person must file with the Court and deliver to Lead Counsel and Defendants' Counsel a written notice of objection no later than _____, 2014.  The manner by which a notice of objection should be prepared, filed, and delivered shall be stated in the Notice.  Only Settlement Class Members who have filed and delivered valid and timely written notices of objection will be entitled to be heard at the Final Approval Hearing, unless the Court otherwise orders.

9.   Any Settlement Class Member who wishes to participate in the Settlement Fund must submit a valid and timely Claim Form to Lead Counsel.  To be valid, a Claim Form must

include the information requested by the Claim Form.  To be timely, the Claim From must be submitted no later than _____, 2014.  All Settlement Class Members who submit valid and timely Claim Forms shall share in the distribution of the Settlement Fund.  Settlement Class Members who do not submit valid and timely Claim Forms shall be forever barred from receiving any payments from the Settlement Fund, but will in all other respects be subject to and bound by the provisions of the Settlement and Judgment, including the releases provided for in the Settlement and Judgment.

10.     Any person falling within the definition of the Settlement Class may, upon request, be excluded from the Settlement.  Any such person must file with the Court and submit to Lead Counsel a request for exclusion no later than _____, 2014.  A request for exclusion must state:  (1) the name, address, and telephone number of the person requesting exclusion; and (2) that the person wishes to be excluded from the Settlement Class.  All persons who submit valid and timely requests for exclusion in the manner set forth in this paragraph shall have no rights under the Settlement, shall not share in the distribution of the Settlement Fund, and shall not be bound by the Settlement or the Judgment.  All persons falling within the definition of Settlement Class who do not request exclusion in the manner set forth in this paragraph shall be Settlement Class Members and shall be bound by the Settlement and Judgment.  Lead Counsel shall provide copies of any and all requests for exclusion to Counsel for Defendants within five (5) calendar days of receipt by Lead Counsel, and in no event later than fourteen (14) calendar days before the Final Approval Hearing.

11.     Lead Counsel shall administer the Settlement Fund in accordance with paragraphs 6.1 through 6.5 of the Settlement.  Under no circumstances shall Lead Counsel disburse any portion of the Settlement Fund prior to the Effective Date without an order of the Court, except as permitted by paragraph 6.5 of the Settlement.

12.     Lead Counsel shall submit any applications it wishes to make for attorneys' fees and Litigation Expenses on or before _____, 2014.

13.     The Plan of Allocation and Lead Counsel's application for attorneys' fees and Litigation Expenses will be considered separately from the fairness, reasonableness, and

adequacy of the Settlement.  Any appeal from any orders relating solely to the Plan of Allocation and/or to Lead Counsel's application for attorneys' fees and Litigation Expenses, or any reversal or modification thereof, shall not operate to terminate or cancel the Settlement, or affect or delay the finality of the Judgment.

14.    All briefs supporting or opposing the Settlement shall be served and filed in accordance with the briefing schedule set forth in the Court's local rules.

15.    All discovery and other proceedings in the Action are stayed until further order of the Court, except as may be necessary to implement the Settlement or comply with its terms. The class representative and the Settlement Class Members are barred from commencing or prosecuting any direct or representative action asserting any of the Released Claims, unless and until the Settlement is terminated according to its terms.

16.    The Court may, for good cause, extend any of the deadlines set forth in this order without further notice to the Settlement Class.


IT IS SO ORDERED.

DATED: _____

_____
THE HONORABLE YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE

1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT

10

NORTHERN DISTRICT OF CALIFORNIA

11

OAKLAND DIVISION

12

13

MARITIME ASSET MANAGEMENT, LLC, on Behalf of Itself and All Others Similarly Situated,

Case No. CV 12-05034-YGR

**CLASS ACTION**

14

15

Plaintiff,

**NOTICE OF SETTLEMENT**

16

v.

**EXHIBIT A-1**

17

NEUROGESX, INC., ANTHONY A. DITONNO, STEPHEN F. GHIGLIERI,  and JEFFREY K. TOBIAS, M.D.,

18

19

Defendants.

20

21

22

23

24

25

26

27

28

---

NOTICE OF SETTLEMENT
Case No. CV 12-05034-YGR

_____, 2014

*By Registered U.S. Mail*

(Addressees)

Re:  <u>*Maritime Asset Management, LLC v. NeurogesX, Inc. et al.*</u>

Dear Shareholder:

I write to provide notice of the proposed settlement of a class action involving NeurogesX and alleged misrepresentations made in relation to the private placement of NeurogesX securities that occurred on July 21, 2011.  As a member of the proposed settlement class of shareholders, you may recover money as part of the settlement.  We estimate that, if you and all other eligible class members choose to participate in the settlement, your recovery will be approximately $_____ (as explained in more detail below).  If you choose to participate in the settlement, you will be required to waive and release all rights and claims against NeurogesX and related parties arising from your investment in NeurogesX securities.  To participate in the settlement you must submit a completed claim form.

A copy of the settlement agreement is enclosed for your review, along with the proposed form of judgment and the court's order preliminarily approving the settlement.  Also enclosed is a claim form, which you must submit no later than _____, 2014, if you wish to be eligible to receive a payment in the settlement.

## The Proposed Settlement

Members of the settlement class will share a settlement fund of $1,250,000.  The settlement fund will be reduced by certain attorneys' fees and litigation expenses payable to class counsel.  The net settlement fund will be distributed to class members who submit valid claim forms on a pro rata basis based on the ratio of the purchase price paid by each participating class member to the total purchase price paid by all participating class members.

**Request for Attorneys' Fees and Litigation Expenses:**  Lead counsel will apply to the court for an award of attorneys' fees in the amount of $312,500.  In addition, lead counsel will apply to the court for reimbursement of certain litigation expenses in an amount not to exceed $_____.  These amounts, if approved by the court, will be deducted from the $1,250,000 settlement payment.  If the above amounts are approved by the Court, the average cost per NeurogesX unit (consisting of one share of NeurogesX stock and one half of one warrant) will be ___ cents.

**Your Estimated Recovery:**  Class counsel estimates that, if you and all other eligible shareholders choose to participate in the settlement, your net recovery will be approximately $_____ ($1,250,000 minus estimated attorneys' fees of $312,500 and expenses of $_____ yields a net settlement fund of $_____, multiplied by the purchase price you paid to acquire NeurogesX securities in the private placement ($_____), divided by the total purchase price paid by all participating class members ($19,986,033.64)).  This represents approximately ____ percent of the purchase price you paid for your shares or approximately ____ cents per unit (consisting of one share of NeurogesX stock and one half of one warrant).  However, your actual recovery could be higher (if, for example, fewer than all eligible class members submit valid claim forms) or lower (if, for example, litigation expenses actually awarded exceed current estimates).

       **Release of Claims Against NeurogesX and the Individual Defendants:**  In order to participate in the settlement, you will be required to stipulate to a judgment of dismissal of all claims with prejudice.  You will also be required to release all claims belonging to you (and persons related to or affiliated with you) against NeurogesX, the individual defendants, and their respective related persons and entities, that were asserted or could have been asserted in the action or that relate in any way to your purchase of NeurogesX securities.

## Background of the Action and the Proposed Settlement

       The action arises from a private placement of NeurogesX securities completed on July 21, 2011.  Lead class representative Maritime Asset Management, LLC was one of the investors in the private placement.  Maritime was appointed as lead class representative by court order entered on September 13, 2012.

       The action names as defendants NeurogesX and three of its former executives – Anthony A. DiTonno, Stephen F. Ghiglieri, and Jeffrey K. Tobias, M.D.  The complaint asserts claims against NeurogesX and Dr. Tobias under section 10(b) of the Securities Exchange Act and Rule 10b-5, and against the individual defendants under section 20(a) of the Exchange Act.

       The complaint also asserts two individual claims on behalf of Maritime only.  These claims are for breach of contract against NeurogesX and fraud in the inducement against Dr. Tobias.  These claims arise out of alleged conversations directly between Maritime and Dr. Tobias.  Other members of the class did not participate in those alleged conversations.  These claims are the subject of a separate settlement between Maritime, NeurogesX, and Dr. Tobias, as explained below.

       Defendants have moved to dismiss all the claims asserted in the action and Maritime opposed that motion.  Prior to oral argument on Defendants' motions to dismiss, the parties participated in a mediation with an experienced mediator, the Honorable Edward I. Infante of JAMS.

       With the assistance of the mediator, the parties reached an agreement-in-principle concerning this proposed settlement after arm's-length negotiations.  The mediator determined that the proposed settlement is a fair and reasonable compromise that is in the best interests of all investors in the private placement and all parties in the action.

The principal reason for Maritime's agreement to the settlement is to provide a benefit to the settlement class. This benefit must be compared to the risk that no recovery might be achieved after contested motions, a contested trial, and likely appeals, possibly years into the future. While Maritime believes that the claims would survive a motion to dismiss and a motion for summary judgment and ultimately result in a verdict for the class, Defendants believe otherwise and have repeatedly denied the allegations in the litigation and asserted that they engaged in no wrongdoing whatsoever and have complete defenses to the allegations. Defendants also maintain that any damages recoverable by the class at trial would be no more than $3 million or 25.9 cents per NeurogesX unit. Maritime and its counsel recognize the risk of proceeding to a jury trial on claims that are complex and likely to involve expert testimony presenting competing views. Thus, Maritime recognizes that a jury could find completely in Defendants' favor or, even if Maritime was successful, the jury could award damages that are less than the size of the settlement payment. The settlement therefore enables the class to recover a substantial amount without incurring any additional risk or costs.

## The Proposed Settlement Class

The Court has preliminarily certified a settlement class of all persons and entities that purchased or otherwise acquired NeurogesX common stock and/or warrants to purchase NeurogesX's common stock in the private placement completed on July 21, 2011. The settlement class does not include the individual defendants, the officers and directors of NeurogesX, members of their immediate families, or any entity in which a defendant has a controlling interest.

## Separate Settlement of Maritime's Individual Claims

Maritime's complaint asserted two individual claims on behalf of Maritime only. These claims are for breach of contract against NeurogesX and fraud in the inducement against Dr. Tobias. These claims arise out of alleged telephone conversations directly between Maritime and Dr. Tobias.

Maritime has entered into a separate settlement with NeurogesX and the individual defendants with regard to these claims. The settlement provides for a payment of $250,000 to Maritime in return for a full general release that is broader than the release required from class members who participate in the class settlement. Under the individual settlement, Maritime (and persons related to or affiliated with it) will generally release NeurogesX, the individual defendants, and their respective related persons and entities, from every claim, including unknown claims, of every type and with respect to any subject arising on or before the date of the settlement.

UNLESS YOU SUBMIT A VALID REQUEST FOR EXCLUSION FROM THE CLASS SETTLEMENT, YOU WILL BE BOUND BY THE JUDGMENT OF DISMISSAL WITH PREJUDICE OF ALL CLAIMS BELONGING TO YOU (AND PERSONS RELATED TO OR AFFILIATED WITH YOU) AGAINST NEUROGESX, THE INDIVIDUAL DEFENDANTS, AND THEIR RESPECTIVE RELATED PERSONS AND ENTITIES, ARISING OUT OF YOUR PURCHASE OF NEUROGESX SECURITIES. THIS INCLUDES ALL INDIVIDUAL CLAIMS SIMILAR TO THOSE ASSERTED (AND BEING SETTLED) BY MARITIME

INDIVIDUALLY.  YOU WILL NOT HAVE ANY ABILITY TO ASSERT ANY INDIVIDUAL CLAIMS AGAINST NEUROGESX, THE INDIVIDUAL DEFENDANTS, OR THEIR RESPECTIVE RELATED PARTIES ARISING FROM YOUR INVESTMENT IN NEUROGESX SECURITIES IF YOU PARTICIPATE IN THE CLASS SETTLEMENT.

### Court Hearing on Approval of the Settlement

A hearing will be held on _____, at __:__ _.m., before the Honorable Yvonne Gonzalez Rogers, at the United States District Court for the Northern District of California, Oakland Division, 1301 Clay Street, Courtroom 1, 4th Floor, Oakland, California, to determine whether the class settlement described in this notice should be approved and whether to award attorneys' fees and litigation expenses to lead counsel.

You are not required to attend the hearing.  If you wish to object to the settlement or to lead counsel's application for an award of attorneys' fees and litigation expenses, you may appear in person at the hearing.  You may also object without attending the hearing by submitting your objections in writing.

If you wish to object, you should file your objections with the clerk of the court at the address set forth below.  You must also send a copy of your objections to class counsel, Nicholas Porritt, at the address set forth below.

The deadline for filing and serving your objections is _____.

Office of the Clerk of the Court
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
CALIFORNIA, OAKLAND DIVISION
1301 Clay Street
Oakland, CA 94612

LEVI & KORSINSKY
Nicholas I. Porritt
1101 30th Street NW, Suite 115
Washington, DC 20007

MORRISON & FOERSTER LLP
Darryl P. Rains
755 Page Mill Road
Palo Alto, CA 94304

COOLEY LLP
John C. Dwyer
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306

### Claim Form for Participation In the Settlement

You will be a member of the settlement class unless you submit a valid request for exclusion as set forth below.  To be eligible to receive a payment from the settlement fund, you must complete, sign, and submit the attached claim form no later than _____.

As a member of the settlement class, you will be bound by the settlement if the court approves it, and the court's judgment of dismissal will be binding on you.  You will be

permanently barred and enjoined from bringing any action against NeurogesX, the individual defendants, and their respective related persons and entities, arising out of your purchase of NeurogesX securities in the private placement completed on July 21, 2011. Unless you submit a timely and valid request for exclusion, the settlement will be binding on you whether or not you submit a claim form.

## **Request for Exclusion from the Settlement**

You may request exclusion from participation in the settlement. To request exclusion from the settlement class, you must deliver a written request for exclusion no later than _____. The exclusion request should be delivered to the clerk of the court and class counsel at the addresses set out above.

If you validly request exclusion from the class, you will not receive any payment or other benefit in the settlement, you will not be required to waive or release any claims against NeurogesX or the individual defendants, and you will not be bound by the terms of the settlement or any order that may be entered by the court in the action.

## **Request for Additional Information**

This notice is meant merely to provide you with a summary of the settlement. The complete terms of the proposed settlement are set forth in the enclosed documents, including the Stipulation of Settlement and the preliminary order of approval.

If you would like further information, you may contact lead counsel at the following address:

LEVI & KORSINSKY
Nicholas I. Porritt
1101 30th Street NW, Suite 115
Washington, DC 20007

Sincerely,

1

2

3

4

5

6

7

8

9                          UNITED STATES DISTRICT COURT

10                         NORTHERN DISTRICT OF CALIFORNIA

11                                 OAKLAND DIVISION

12

MARITIME ASSET MANAGEMENT, LLC,              Case No. CV 12-05034-YGR
13  on Behalf of Itself and All Others Similarly
Situated,                                    **CLASS ACTION**
14
                    Plaintiff,
15                                               **CLAIM FORM AND RELEASE**
          v.
16                                               **EXHIBIT A-2**
NEUROGESX, INC., ANTHONY A.
17  DITONNO, STEPHEN F. GHIGLIERI,  and
JEFFREY K. TOBIAS, M.D.,
18
                    Defendants.
19

20

21

22

23

24

25

26

27

28

# PART I:  CLAIM FORM

**A.      CLAIMANT IDENTIFICATION**

_____ __

Claimant's Name

_____

Street Address

_____          _____

City                                State              Zip Code

_____

Telephone Number

**B.      PURCHASE OF NEUROGESX SECURITIES IN PRIVATE PLACEMENT**

     Our records indicate that you purchased _____ shares of common stock and _____ warrants in NeurogesX's July 21, 2011 private placement at a total price of $_____.

     **Is this correct?  Yes____   No____**

     If you selected "No," please provide the correct information about your purchase in the space below and submit supporting documentation with this Claim Form.

    _____          _____          $_____

    Common stock          Warrants          Total price

# PART II:  RELEASE OF CLAIMS AND SIGNATURE

**A.      DEFINITIONS**

     "Released Claims" means all claims, demands, rights, liabilities, suits, debts, obligations, and causes of action, of every nature and description whatsoever, whether known or unknown, contingent or absolute, mature or unmature, discovered or undiscovered, liquidated or unliquidated, accrued or unaccrued, including those that are concealed or hidden, regardless of legal or equitable theory, that have been, could have been, or in the future might be asserted based upon, arising out of, or in any way relating to:  (i) any purchase or sale by any member of the settlement class of NeurogesX securities; (ii) any act, failure to act, omission, misrepresentation, fact, event, transaction, occurrence, or other matter set forth, alleged,

underlying, or otherwise referred to in the above-captioned action or that could have been asserted in the action; or (iii) the subject matter of the above-captioned action.  Notwithstanding the foregoing, "Released Claims" does not include claims relating to the enforcement of the settlement.

"Released Persons" means NeurogesX Inc., Anthony A. DiTonno, Stephen F. Ghiglieri, and Jeffrey K. Tobias, M.D., and each of their respective spouses, family members, trusts, estates, heirs, beneficiaries, executors, predecessors, successors, assigns, employees, agents, affiliates, assignees, attorneys, auditors, controlling shareholders, directors, insurers, managers, members, partners, officers, parent companies, personal or legal representatives, subsidiaries, trustees, underwriters, and retained professionals, in their respective capacities as such.

"Unknown Claims" means all claims that any member of the settlement class does not know or suspect to exist.  Unknown Claims include, without limitation, those claims in which some or all of the facts composing the claim may be unsuspected, undisclosed, concealed, or hidden.  Members of the settlement class expressly waive and relinquish all rights and benefits conferred by California Civil Code Section 1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Members of the settlement class also waive any right or benefits afforded by any similar statute or law in California or any other jurisdiction.

## B.   THE RELEASE

On behalf of the claimant listed above and his, her, or its spouse, family members, trusts, estates, heirs, executors, beneficiaries, predecessors, successors, assigns, employees, agents, affiliates, assignees, attorneys, auditors, shareholders, directors, insurers, managers, members, partners, officers, parent companies, personal or legal representatives, subsidiaries, trustees, underwriters, and retained professionals, in their respective capacities as such, and any other individual or business or legal entity claiming (now or in the future) through or on behalf of the claimant, directly or indirectly (collectively, the "Releasing Parties"), as of the date the

settlement becomes effective, I hereby fully, finally, and forever release, relinquish, waive, discharge, and dismiss each and all of the Released Claims (including Unknown Claims) against each and all of the Released Persons, and covenant not to sue any Released Person with respect to any Released Claim.

On behalf of the Releasing Parties, as of the date the settlement becomes effective, I hereby agree that the Releasing Parties are permanently barred, enjoined, and restrained from commencing, instituting, asserting, maintaining, enforcing, prosecuting, or otherwise pursuing, either directly or in any other capacity, any of the Released Claims (including any Unknown Claims) against any Released Person.

I declare, under penalty of perjury under the laws of the United States of America, that the statements made and answers given in this Claim Form are true and correct and that the documents submitted herewith are true and genuine.

_____

Signature of Claimant

_____          _____

Print Name of Claimant                                      Date

***If Claimant is other than an individual, or is not the person completing this form, the following also must be provided:***

_____

Signature of Person Completing Form

_____          _____

Print Name of Person Completing Form                Date

_____

Capacity of Person Signing (Executor, President, Trustee, etc.)

UNITED  STATES  DISTRICT  COURT

NORTHERN  DISTRICT  OF  CALIFORNIA

OAKLAND  DIVISION

| | |
|---|---|
| MARITIME  ASSET  MANAGEMENT,  LLC, on Behalf of Itself and All Others Similarly Situated,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>NEUROGESX,  INC.,  ANTHONY  A. DITONNO,  STEPHEN  F.  GHIGLIERI,  and JEFFREY  K.  TOBIAS,  M.D.,<br><br>　　　　　　　　Defendants. | Case No. CV 12-05034-YGR<br><br>**CLASS ACTION**<br><br>**[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL  WITH PREJUDICE**<br><br>**EXHIBIT  B** |

This matter came before the Court for hearing on _____, 2014.   The Court has reviewed the entire record in this action, considered all papers filed and proceedings held in this action, and considered all objections and comments received regarding the proposed settlement, and, good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.      This Judgment adopts the definitions set forth in paragraphs 1.1 through 1.39 of the Settlement.

2.      The Court has jurisdiction over the subject matter of the Action, Lead Plaintiff, the Settlement Class Members, and Defendants.

3.      The Court finds that the distribution of the Notice constituted the best notice practicable under the circumstances to all persons within the definition of Settlement Class and fully complied with Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934 (as amended by the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(a)(7)), and the United States Constitution.

4.      The Court approves the Settlement as fair, reasonable, and adequate to the Settlement Class Members.

5.      The Action and all claims asserted in it are **DISMISSED** in their entirety **WITH PREJUDICE**.

6.      The Settling Parties are to bear their own costs, except as otherwise provided in the Settlement.

7.      Plaintiff and each Settlement Class Member, for themselves and on behalf of each of their respective spouses, family members, trusts, estates, heirs, executors, beneficiaries, predecessors, successors, assigns, employees, agents, affiliates, assignees, attorneys, auditors, shareholders, directors, insurers, managers, members, partners, officers, parent companies, personal or legal representatives, subsidiaries, trustees, underwriters, and retained professionals, in their respective capacities as such, and any other Person claiming (now or in the future) through or on behalf of any of them, directly or indirectly (collectively the "Releasing Parties"), regardless of whether such Plaintiff or Settlement Class Member ever seeks or obtains by any

means (including, without limitation, by submitting a Claim) any distribution from the Net Settlement Fund, shall, as of the Effective Date, be deemed to have fully, finally, and forever released, relinquished, waived, discharged, and dismissed each and all of the Released Claims (including Unknown Claims) against each and all of the Released Persons, and shall have covenanted not to sue any Released Person with respect to any Released Claim.  "Released Claims" means all claims, demands, rights, liabilities, suits, debts, obligations, and causes of action, of every nature and description whatsoever, whether known or unknown, contingent or absolute, mature or unmature, discovered or undiscovered, liquidated or unliquidated, accrued or unaccrued, including those that are concealed or hidden, regardless of legal or equitable theory, that have been, could have been, or in the future might be asserted based upon, arising out of, or in any way relating to:  (i) any purchase or sale by any Settlement Class member of NeurogesX Securities; (ii) any act, failure to act, omission, misrepresentation, fact, event, transaction, occurrence, or other matter set forth, alleged, underlying, or otherwise referred to in the Action or that could have been alleged in the Action; or (iii) the subject matter of the Action. Notwithstanding the foregoing, "Released Claims" does not include claims relating to the enforcement of the Settlement.  "Released Persons" means each of the Defendants, and each of their respective spouses, family members, trusts, estates, heirs, beneficiaries, executors, predecessors, successors, assigns, employees, agents, affiliates, assignees, attorneys, auditors, controlling shareholders, directors, insurers, managers, members, partners, officers, parent companies, personal or legal representatives, subsidiaries, trustees, underwriters, and retained professionals, in their respective capacities as such.

8.     The Releasing Parties shall, as of the Effective Date, be forever permanently barred, enjoined, and restrained from commencing, instituting, asserting, maintaining, enforcing, prosecuting, or otherwise pursuing, either directly or in any other capacity, any of the Released Claims (including any Unknown Claims) against any Released Person.  "Released Claims" means all claims, demands, rights, liabilities, suits, debts, obligations, and causes of action, of every nature and description whatsoever, whether known or unknown, contingent or absolute, mature or unmature, discovered or undiscovered, liquidated or unliquidated, accrued or

unaccrued, including those that are concealed or hidden, regardless of legal or equitable theory, that have been, could have been, or in the future might be asserted based upon, arising out of, or in any way relating to:  (i) any purchase or sale by any Settlement Class member of NeurogesX Securities; (ii) any act, failure to act, omission, misrepresentation, fact, event, transaction, occurrence, or other matter set forth, alleged, underlying, or otherwise referred to in the Action or that could have been alleged in the Action; or (iii) the subject matter of the Action. Notwithstanding the foregoing, "Released Claims" does not include claims relating to the enforcement of the Settlement.  "Released Persons" means each of the Defendants, and each of their respective spouses, family members, trusts, estates, heirs, beneficiaries, executors, predecessors, successors, assigns, employees, agents, affiliates, assignees, attorneys, auditors, controlling shareholders, directors, insurers, managers, members, partners, officers, parent companies, personal or legal representatives, subsidiaries, trustees, underwriters, and retained professionals, in their respective capacities as such.

9.     All Releasing Parties shall, as of the Effective Date, conclusively be deemed to have acknowledged that the Released Claims may include claims, rights, demands, causes of action, liabilities, or suits that are not known or suspected to exist as of the Effective Date. These persons nonetheless release all such claims.  All Releasing Parties shall further, as of the Effective Date, conclusively be deemed to have waived and relinquished the rights afforded by California Civil Code Section 1542 and any similar statute or law of California or any other jurisdiction.

10.     Neither this Judgment, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be referred to, offered as evidence, or received in evidence in any pending or future civil, criminal, or administrative action or proceeding, except in a proceeding to enforce the Judgment, or to defend against the assertion of a Released Claim, or as otherwise required by law.

11.     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction for the purpose of, *inter alia,* entering orders providing for the implementation and enforcement of the terms of the Settlement, including, without limitation,

1  the releases provided for herein, and awards of attorneys' fees and Litigation Expenses to Lead

2  Counsel.

3          IT IS SO ORDERED.

4  DATED: _____          _____

5                                   THE HONORABLE YVONNE GONZALEZ ROGERS
                                    UNITED STATES DISTRICT COURT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28