# Exhibit A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MARITIME ASSET MANAGEMENT, LLC, on Behalf of Itself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>NEUROGESX, INC., ANTHONY A. DITONNO, STEPHEN F. GHIGLIERI, and JEFFREY K. TOBIAS, M.D.,<br><br>Defendants. | Case No. CV 12-05034-YGR<br><br>**CLASS ACTION**<br><br>**FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE** |

[PROPOSED] FINAL JUDGMENT
Case No. CV 12-05034-YGR

This matter came before the Court for hearing on September 2, 2014. The Court has reviewed the entire record in this action, considered all papers filed and proceedings held in this action, and considered all objections and comments received regarding the proposed settlement, and, good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. For purposes of this Order, capitalized terms are as defined in paragraph 12 below.

2. The Court has jurisdiction over the subject matter of the Action, Lead Plaintiff, the Settlement Class Members, and Defendants.

3. The Court finds that the distribution of the Notice constituted the best notice practicable under the circumstances to all persons within the definition of Settlement Class and fully complied with Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934 (as amended by the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(a)(7)), and the United States Constitution.

4. The Court approves the Settlement as fair, reasonable, and adequate to the Settlement Class Members.

5. The Action and all claims asserted in it are **DISMISSED** in their entirety **WITH PREJUDICE**.

6. The Settling Parties are to bear their own costs, except as otherwise provided in the Settlement.

7. Plaintiff and each Settlement Class Member, for themselves and on behalf of each of their respective spouses, family members, trusts, estates, heirs, executors, beneficiaries, predecessors, successors, assigns, employees, agents, affiliates, assignees, attorneys, auditors, shareholders, directors, insurers, managers, members, partners, officers, parent companies, personal or legal representatives, subsidiaries, trustees, underwriters, and retained professionals, in their respective capacities as such, and any other Person claiming (now or in the future) through or on behalf of any of them, directly or indirectly (collectively the "Releasing Parties"), regardless of whether such Plaintiff or Settlement Class Member ever seeks or obtains by any

1  means (including, without limitation, by submitting a Claim) any distribution from the Net
2  Settlement Fund, shall, as of the Effective Date, be deemed to have fully, finally, and forever
3  released, relinquished, waived, discharged, and dismissed each and all of the Released Claims
4  (including Unknown Claims) against each and all of the Released Persons, and shall have
5  covenanted not to sue any Released Person with respect to any Released Claim.

6      8.   The Releasing Parties shall, as of the Effective Date, be forever permanently
7  barred, enjoined, and restrained from commencing, instituting, asserting, maintaining, enforcing,
8  prosecuting, or otherwise pursuing, either directly or in any other capacity, any of the Released
9  Claims (including any Unknown Claims) against any Released Person.

10     9.   All Releasing Parties shall, as of the Effective Date, conclusively be deemed to
11 have acknowledged that the Released Claims may include claims, rights, demands, causes of
12 action, liabilities, or suits that are not known or suspected to exist as of the Effective Date.
13 These persons nonetheless release all such claims.  All Releasing Parties shall further, as of the
14 Effective Date, conclusively be deemed to have waived and relinquished the rights afforded by
15 California Civil Code Section 1542 and any similar statute or law of California or any other
16 jurisdiction.

17     10.  Neither this Judgment, nor any of its terms or provisions, nor any of the
18 negotiations or proceedings connected with it, shall be referred to, offered as evidence, or
19 received in evidence in any pending or future civil, criminal, or administrative action or
20 proceeding, except in a proceeding to enforce the Judgment, or to defend against the assertion of
21 a Released Claim, or as otherwise required by law.

22     11.  Without affecting the finality of this Judgment in any way, this Court hereby
23 retains continuing jurisdiction for the purpose of, *inter alia,* entering orders providing for the
24 implementation and enforcement of the terms of the Settlement, including, without limitation,
25 the releases provided for herein, and awards of attorneys' fees and Litigation Expenses to Lead
26 Counsel.

27     12.  The Court, for purposes of this order, adopts the following definitions:
28

a. "Action" means the lawsuit now pending in the United States District Court for the Northern District of California under the caption *Maritime Asset Management, LLC v. NeurogesX, Inc. et al.*, Case No. CV 12-05034-YGR.

b. "Appeal" means any attempt to seek review of an order or the Judgment including any motion to alter or amend under Rules 52(b) or 59(e) of the Federal Rule of Civil Procedure, any appeal as of right, discretionary appeal, interlocutory appeal, petition for writ of certiorari or other proceeding involving writs of certiorari or mandamus, and any other proceedings of like kind. Any appeal or other proceeding pertaining solely to the Plan of Allocation or an application for attorneys' fees and expenses shall not in any way delay or preclude occurrence of the Effective Date.

c. "Authorized Claimant" means any Settlement Class Member who has submitted a timely and valid Claim Form and who is entitled to a distribution from the Net Settlement Fund pursuant to the Plan of Allocation or any order of the Court.

d. "Claim Form" means the Claim Form and Release (substantially in the form of Exhibit A-2 to Exhibit A to the Settlement) that a Settlement Class Member was required to complete and timely submit in accordance with the instructions on the Claim Form if that Settlement Class Member sought to be potentially eligible to share in a distribution of the Net Settlement Fund.

e. "Defendants" means NeurogesX, Anthony A. DiTonno, Stephen F. Ghiglieri, and Jeffrey K. Tobias, M.D.

f. "Defendants' Counsel" means the law firms of Morrison & Foerster LLP and Cooley LLP.

g. "Effective Date" means the first date by which all of the following events have occurred: (1) Lead Counsel and Defendants' Counsel have executed the Settlement; (2) the Court has entered the Preliminary Approval Order; (3) the payment provided for in paragraph 5.1 of the Settlement has been made to Lead Counsel for the benefit of Settlement Class Members; (4) NeurogesX has not notified Lead Counsel of its election to terminate the Settlement pursuant to ¶15.2 of the Settlement and the provisions of the Supplemental Agreement, or, if such election has been made, the resulting termination has been withdrawn pursuant to the terms of the Supplemental Agreement; (5) the Court has entered the Judgment; (6) no Settling Party has given notice of its election to terminate the Settlement pursuant to ¶15.1 of the Settlement, and the time for doing so has expired; (7) the time to Appeal from the Judgment has expired; and (8) if any Appeal is taken from the Judgment, the Appeal has either been dismissed or has resulted in affirmance of the Judgment.

h. "Judgment" means this Final Judgment and Order of Dismissal with Prejudice.

i. "Lead Counsel" means the law firm of Levi & Korsinsky LLP.

j. "Lead Plaintiff" or "Plaintiff" means Maritime Asset Management, LLC.

k. "Litigation Expenses" means the reasonable costs and expenses incurred by Lead Counsel in connection with commencing and prosecuting this action.  Litigation Expenses may also include reimbursement of Lead Plaintiff's expenses in accordance with 15 U.S.C. § 78u-4(a)(4).

l. "Net Settlement Fund" means the Settlement Fund less: (i) any taxes; (ii) any notice and administration costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) other costs, expenses or amounts as may be approved by the Court.

m. "NeurogesX" means NeurogesX, Inc.

n. "NeurogesX Securities" means NeurogesX's common stock and/or warrants to purchase NeurogesX's common stock.

o. "Notice" means the letter from Lead Counsel describing the terms of the Settlement and the procedures for presenting the Settlement for the approval of the Court and for requesting exclusion from the Settlement Class or for submitting a Claim (substantially in the form of Exhibit A-1 to Exhibit A of the Settlement).

p. "Person" means an individual, corporation, limited liability company, professional corporation, partnership, domestic partnership, limited partnership, limited liability partnership, marital community, association, joint stock company, joint venture, joint venturer, estate, legal representative, trust or trustee, unincorporated association, government or any political subdivision or agency thereof, or any other business or legal entity.

q. "Plan of Allocation" means the plan for allocation of the Net Settlement Fund on a pro rata basis based on the ratio of (i) the purchase price paid by each Authorized Claimant to purchase shares in the Private Placement to (ii) the total purchase price paid by all Authorized Claimants, or such other plan of allocation that the Court has approved.

r. "Preliminary Approval Order" means the Order Preliminarily Approving Settlement and Certifying Settlement Class, Approving

         Class Notice, and Setting Settlement Hearing, substantially in the form attached as Exhibit A to the Settlement.

    s. "Private Placement" means the transaction described in the Securities Purchase Agreement dated July 21, 2011 between NeurogesX and the purchasers identified on the signature pages attached to that agreement.

    t. "Released Claims" means all claims, demands, rights, liabilities, suits, debts, obligations, and causes of action, of every nature and description whatsoever, whether known or unknown, contingent or absolute, mature or unmature, discovered or undiscovered, liquidated or unliquidated, accrued or unaccrued, including those that are concealed or hidden, regardless of legal or equitable theory, that have been, could have been, or in the future might be asserted based upon, arising out of, or in any way relating to: (i) any purchase or sale by any Settlement Class member of NeurogesX Securities; (ii) any act, failure to act, omission, misrepresentation, fact, event, transaction, occurrence, or other matter set forth, alleged, underlying, or otherwise referred to in the Action or that could have been alleged in the Action; or (iii) the subject matter of the Action. Notwithstanding the foregoing, "Released Claims" does not include claims relating to the enforcement of the Settlement.

    u. "Released Persons" means each of the Defendants, and each of their respective spouses, family members, trusts, estates, heirs, beneficiaries, executors, predecessors, successors, assigns, employees, agents, affiliates, assignees, attorneys, auditors, controlling shareholders, directors, insurers, managers, members, partners, officers, parent companies, personal or legal

representatives, subsidiaries, trustees, underwriters, and retained professionals, in their respective capacities as such.

v. "Releasing Parties" means Plaintiff and each Settlement Class Member, for themselves and on behalf of each of their respective spouses, family members, trusts, estates, heirs, executors, beneficiaries, predecessors, successors, assigns, employees, agents, affiliates, assignees, attorneys, auditors, shareholders, directors, insurers, managers, members, partners, officers, parent companies, personal or legal representatives, subsidiaries, trustees, underwriters, and retained professionals, in their respective capacities as such, and any other Person claiming (now or in the future) through or on behalf of any of them, directly or indirectly.

w. "Request for Exclusion" means a request by a Member of the Settlement Class to be excluded from participating in the Settlement, submitted in accordance with the requirements set out in the Notice or otherwise accepted by the Court.

x. "Settlement" means the Stipulation of Settlement executed by Lead Plaintiff and Defendants on May 16, 2014, including any amendment to that agreement made in a writing signed by or on behalf of all Settling Parties.

y. "Settlement Class" means all Persons who purchased or otherwise acquired NeurogesX Securities pursuant to the July 21, 2011 Private Placement.  Excluded from the Settlement Class are Defendants, the officers and directors of NeurogesX, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which any Defendant has a controlling interest. Also excluded from the Settlement Class are any Persons who otherwise satisfy the above requirements for membership in the

1 | | Settlement Class, but who excluded themselves by submitting a valid Request for Exclusion.

z. "Settlement Class Member" means a Person who falls within the definition of the Settlement Class.

aa. "Settlement Fund" means the sum of up to One Million Two Hundred Fifty Thousand United States dollars ($1,250,000) in cash, which Defendants shall cause to be paid to Lead Counsel, to be held for the benefit of Settlement Class Members, within fourteen (14) business days after entry of the Judgment, plus all interest and income earned thereon

bb. "Settling Parties" means, collectively, (i) Defendants and (ii) Plaintiff on behalf of itself and the Settlement Class Members.

cc. "Supplemental Agreement" means the Supplemental Agreement regarding the Opt-Out Threshold to be signed by the Settling Parties in connection with the Settlement.

dd. "Unknown Claims" means all claims that any Plaintiff or any other Settlement Class Member does not know or suspect to exist as of the Effective Date that are based upon, arise out of, or in any way relate to: (i) any purchase or sale by any Settlement Class member of NeurogesX Securities; (ii) any act, failure to act, omission, misrepresentation, fact, event, transaction, occurrence, or other matter set forth, alleged, underlying, or otherwise referred to in the Action or that could have been alleged in the Action; or (iii) the subject matter of the Action.  Unknown Claims include, without limitation, those claims in which some or all of the facts composing the claim may be unsuspected, undisclosed, concealed, or hidden. Notwithstanding the foregoing, "Unknown Claims" does not include claims relating to the enforcement of the Settlement.

IT IS SO ORDERED.

DATED: _____         _____
                               THE HONORABLE YVONNE GONZALEZ ROGERS
                               UNITED STATES DISTRICT COURT JUDGE